[Civ. No. 7911. Third Dist. Aug. 14, 1951.]

J. R. MURPHY, Respondent, v. COUNTY OF LAKE et al., Appellants.

Fredric S. Crump, District Attorney, for Appellants.

H. G. Crawford for Respondent.

PEEK, J.—The county of Lake has appealed from a judgment in favor of plaintiff in an action for damages sustained by plaintiff as a result of the wrecking of his truck when it plunged over the bank of a county road in Lake County due to the alleged negligence of defendant and appellant county of Lake in the maintenance of the same in a dangerous and defective condition.

"Soda Bay Road," as it is commonly known, is a narrow, winding mountain road, the paved portion being 12 feet wide with a 3-foot shoulder on the side, which we will refer to as the right side, and an 18-inch shoulder on the left or bank side. On the left side between the shoulder and the almost perpendicular bank was a shallow gutter or ditch. The right shoulder ended in an abrupt drop of about 500 feet. As respondent's employee and driver of the truck, one Ayer, rounded a curve he observed the car operated by defendant Frances, which was approaching from the opposite direction. At that time the two vehicles were approximately 50 to 75 feet apart and both were traveling approximately 15 miles per hour. Plaintiff's truck was 7 feet 5 inches in width at its widest section and the Frances car was the standard width of 4 feet 8½ inches. In passing the Frances

car the truck traveled a distance of about 40 feet with the right wheels about one foot from the extreme edge of the right shoulder. While the paved portion of the road was dry, the shoulder was wet, and the wheels made deep tracks going to a depth of at least 4 inches for approximately 15 feet. The right wheels of the truck went off the shoulder turning the truck over and plunging it approximately 400 feet into the canyon below.

The evidence as to the precise manner in which the truck went off the road was sharply in conflict. That is, there was considerable testimony that the rear dual wheels of the truck were the first to go over when the shoulder caved in, as well as testimony that the right front wheel went off the shoulder first.

Although it is not questioned that the shoulder on the right side of the road was constructed of rocks and dirt with the surface thereof being dirt, the evidence was conflicting as to whether the rocks were loose with dirt on top or the rocks were firmly imbedded in the dirt. However, there was no retaining wall or other reenforcement, nor was there a fence, guardrail or other protection along the road at this point to prevent vehicles leaving the road. Neither were there signs to warn of any dangerous condition of the shoulder or otherwise until after the accident.

At the trial two witnesses testified that they had, within a year prior to the accident, discussed generally the dangerous condition of the road with County Supervisor Maulden requesting that something be done about it, and that the supervisor replied that there were no funds available for such purpose. There was also evidence that at a meeting of the school board, which was attended by Maulden, the unsafe condition of the road was discussed, and the suggestion was made that the school bus should be taken off that road because of the danger. That in fact because of such condition the bus was discontinued for a short period and the children stopped from going to school because of the unsafe condition. The county auditor testified that during the period prior to the accident there was a fund of approximately $40,000 in the county treasury allocated to road improvement, of which $1,700 was specially allocated to the road district on which was situated the "Soda Bay Road," the remainder being in general and special road improvement funds. At the conclusion of the trial the jury returned a verdict in favor of plaintiff and against both defendants. The county of Lake has

appealed, charging a number of errors, all of which are essentially attacks upon the sufficiency of the evidence, and all of which appear to be without merit.

Appellant first contends that it was error to admit testimony by a witness concerning two other accidents which had previously occurred on the road at points 2 and 3 miles distant from the place where the accident here involved occurred. ▉ While it is true that testimony that other accidents have occurred at the same place is some evidence that the condition there existing is dangerous, it is also true that evidence of accidents occurring at other points on the same road where it is not shown that they were caused by the same condition common to the entire road, is immaterial and inadmissible. ▉ But even assuming that such contention is valid as an abstract principle it is completely answered by the further rule that an error in the admission of evidence is harmless if the facts shown thereby are amply demonstrated by other evidence. (*Lusitanian-American Dev. Co.* v. *Seaboard D. C. Corp.*, 1 Cal.2d 121 [34 P.2d 139].)

▉ Appellant next contends that certain testimony was erroneously excluded in part and stricken in part. The testimony in question was given by a witness who stated that several months prior to the date of the accident he had driven a 10-ton grader without mishap on the shoulder of the particular portion of the road. It is the rule that evidence of the absence of previous accidents to show that no dangerous condition existed is inadmissible. (*Thompson* v. *B. F. Goodrich Co.*, 48 Cal.App.2d 723 [120 P.2d 693]), and hence the action of the court in excluding the same was proper.

▉ Appellant next charged that the trial court erred in refusing to permit a witness to testify as to what the tracks on the shoulder of the road showed. The question called for the opinion of the witness, and hence was inadmissible and properly excluded. (*O. L. Shafter Estate Co.* v. *Alvord*, 2 Cal.App. 602 [84 P. 279].)

Appellant next asserts that Ayer was guilty of contributory negligence as a matter of law in failing to put on his brakes or stop when the Frances car approached, and in driving along the wet shoulder for a distance of 45 feet without turning back onto the pavement. ▉ The applicable rule is thus stated in *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183] : ''To establish the defense of contributory negligence as against the verdict of a jury, the evidence must

be such that the appellate court can say that there is no substantial conflict on the facts, and that from the facts reasonable men can draw but one inference, which inference points unerringly to the negligence of the plaintiff proximately contributing to his own injury.''

In the present case the evidence was in conflict as to Ayer's speed when the two vehicles passed, and as to whether Ayer had any opportunity to turn back to the pavement before the shoulder collapsed. It cannot be said that the evidence viewed, as we must, in the light most favorable to plaintiff does. not support a finding of no contributory negligence.

As an additional ground for reversal appellant alleges that one of the jurors was guilty of misconduct in bringing into the jury room a newspaper containing an article to the effect that the county of Lake and Frances had made a settlement with Ayer in a suit brought by Ayer for injuries sustained in the same accident. The only evidence in support of this contention consists of affidavits by several of the jurors and an affidavit by counsel for appellant stating that he was so informed by the juror who brought the newspaper into the jury room. These affidavits were presented to the trial court on the motion for a new trial.

The rule is well established in this state that affidavits or other oral evidence of either concurring or dissenting jurors which tend to contradict, impeach or defeat their verdict, are inadmissible. (*Crabtree* v. *Western Pac. Ry. Co.*, 33 Cal.App.2d 35, 37 [90 P.2d 835].) Neither are hearsay statements of jurors contained in affidavits of counsel admissible for that purpose. (*McWilliams* v. *Los Angeles Transit Lines*, 100 Cal.App.2d 27 [222 P.2d 953].) Hence a new trial on the ground of misconduct of the jurors was properly denied.

Finally appellant contends that the county of Lake cannot be held liable because it had no notice of any defects in the road. The liability of a county for injuries resulting from a dangerous or defective condition of public property is statutory. Section 53051 of the Government Code provides as follows:

''A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board or person authorized to remedy the condition:

''(a) Had knowledge or notice of the defective or dangerous condition.

"(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

■ The required notice may be either actual or constructive and the existence of the defect over a long period of time will support a finding of constructive notice. (*Bauman* v. *San Francisco*, 42 Cal.App.2d 144 [108 P.2d 989].) ■ Where the plan of improvement of the public property when carried out creates an inherently dangerous condition, no further proof of notice is required. (*Fackrell* v. *City of San Diego*, 26 Cal.2d 196 [157 P.2d 625, 158 A.L.R. 625] ; *Bigelow* v. *City of Ontario*, 37 Cal.App.2d 198 [99 P.2d 298].) ■ Whether or not a dangerous condition exists and whether or not the county has had actual or constructive notice thereof are questions of fact for the jury, and their verdict will not be disturbed on appeal if it is supported by substantial evidence. (*Bigelow* v. *City of Ontario, supra*; *Rowland* v. *City of Pomona*, 82 Cal.App.2d 622 [186 P.2d 447].) ■ In the present case, in view of the narrowness of the road, there can be no question but that the unpaved shoulder necessarily would have to be traveled on by larger vehicles when passing other cars. There was evidence that the generally dangerous condition of the "Soda Bay Road" was known in the locality and had been brought to the attention of the supervisors of the county at least a year prior to the accident. Furthermore, there was evidence that the type of construction of the shoulder created an inherently dangerous condition. Upon a thorough examination of the record we conclude that there was substantial evidence to support the implied finding of the jury that the accident resulted from a dangerous or defective condition of the road of which the county of Lake had notice.

Accordingly the judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.