[Civ. No. 8206.   Third Dist.   June 24, 1953.]

ANTONE MARINO et al., Appellants, v. COUNTY OF TUOLUMNE, Respondent.

Ross A. Carkeet for Appellants.

T. R. Vilas for Respondent.

JONES, J. pro tem.—This appeal is from a judgment notwithstanding the verdict in a case brought by appellants Antone Marino and May Marino against the county of Tuolumne for recovery of damages resulting from a defective condition in a county road. Since Antone Marino was the active participant in plaintiffs' cause, we shall hereafter refer to him for convenience as the appellant.

There is no dispute as to the facts in the case. The accident occurred on a fill over twin culverts in the county road known as the Cedar Ridge Road maintained by the respondent county. The culverts were installed at a point where the road crosses the headwaters of Sullivan's Creek and had been in operation without incident through winter and summer for eight or ten years up to the time of the accident. The culverts were installed in the stream channel and a fill made over them of sufficient depth to bring its surface up to road grade. A pavement of ordinary black top was laid on the top of the fill. This fill was thoroughly compacted at the time of its

construction and had given no trouble during the entire time of its operation.

At about midnight on Saturday, November 18, 1950, appellant was moving a truckload of household goods over the road from Alameda to a home which he had purchased at Cedar Ridge. The truck was being driven by appellant's brother-in-law, with appellant preceding it in a Nash sedan. On arriving at the fill appellant proceeded across and stopped on the far side. While the truck was on the fill it gave way, toppling the truck and dumping the household goods into the stream. It is for this loss that appellant has sought recovery.

Upon the trial a jury awarded him the full amount of his demand, but upon motion the court ordered judgment in favor of the county notwithstanding the verdict. From this judgment the appeal is taken.

Appellant concedes that the county did not have *actual* notice of any defect in the fill, but contends that it had constructive notice of an existing dangerous condition and therefore became liable. (Gov. Code, § 53051; Civ. Code, § 19.) The precise and only question to be determined on this appeal is whether the record is so devoid of substantial evidence tending to establish constructive notice of the dangerous condition of the fill that the court as a matter of law could refuse to accept the verdict of the jury. ▮ It is not in every case that the question of constructive notice is one of fact for the jury. Its existence depends upon the circumstances of the particular case, and the test seems to be that if a person has actual notice of circumstances sufficient to put a prudent man on inquiry he is chargeable. (Civ. Code, § 19.) ▮ And in cases such as this, to escape the charge of constructive notice reasonable diligence must have been made in making inspections for the discovery of unsafe or defective conditions. (*Perry* v. *City of San Diego,* 80 Cal.App.2d 166, 170 [181 P.2d 98].)

The record discloses that when the culverts were installed all the debris that might be hazardous was removed. It further appears that these culverts were inspected regularly to see that they were clear and special inspections were made during each storm. In this case the culverts were inspected by the road crew of the county on the afternoon of Friday, November 17th, and found to be clear and functioning properly. Sometime after this inspection a wooden diversion dam installed by a property owner upstream from the dam washed

out and one of the planks 2 x 12 inches in width and thickness washed down and lodged against the upper ends of the culvert, shutting off their intake. The witness Schoettgen testified that he removed such a plank in this position immediately after the accident. With the intake of the culverts practically shut off, the water backed up and ran over the top of the fill. The witness Abbott testified that when he passed over the culverts about 4 p. m. on the afternoon of November 18th, the water was flowing over the top. Prior to 8 a. m. of Saturday, November 18th, 2.44 inches of rain had fallen in the area, and from Saturday morning until 8 a. m. of the following Monday the rainfall amounted to 5.33 inches. It is unquestioned that a flood condition existed in the area at the time of the accident and that the washout of the culverts occurred because of debris floating downstream from above and clogging the intake.

Appellant argues that it was the duty of the county to maintain an around-the-clock inspection of its highways in such periods of emergency and to give warning to travelers of the dangerous condition of all weakened bridges and fills. With this contention we cannot agree for to do so would make the county an insurer of the safety of all persons using the highways in periods of storm. The county is only required to do what a prudent person would do under the circumstances, and has the right to assume that all persons using the highways in periods of such excessive storms will be equally prudent in protecting themselves from danger. The storm itself may be said to be a warning of danger on an isolated mountain road likely to result from landslides and washouts and within the contemplation of reasonable persons. It cannot be said with any degree of persuasion that the county was in duty bound to make an hour-by-hour inspection of the Sullivan Creek culverts in order to warn a traveler at midnight at the height of the storm that debris had clogged the inlet. Nor may it be said that a reasonably prudent person would have been on that relatively isolated mountain road at that hour of the night in such a rainstorm with a heavily laden truck and not have expected to flounder in the mud.

The cases of *Maddern* v. *City & County of San Francisco,* 74 Cal.App.2d 742 [169 P.2d 425], *Murphy* v. *County of Lake,* 106 Cal.App.2d 61 [234 P.2d 712], and *Anderson* v. *County of San Joaquin,* 110 Cal.App.2d 703 [244 P.2d 75], do not fit the factual situation existing here. In the Maddern case there was involved a busy street in San Francisco where the

pavement collapsed because of a broken sewer pipe. Witnesses testified that cracks in the pavement had existed and were plainly visible for from two to five days before the accident. In the Murphy case the existing dangerous condition of the road had been discussed with the supervisor, within whose district the road was located, preceding the accident; and in *Anderson* v. *County of San Joaquin* the dangerous condition had existed and was known to people generally for several months before the accident. Here an inspection made within 36 hours showed the roadway to be perfectly safe, which it was, in fact, with the culverts functioning properly and clear of all debris.

The controlling facts in this case are that the culverts were in the first instance properly and safely installed; that the county kept the right-of-way clear of all debris and material which might hazardously affect the flow of storm water through the culverts; that they were inspected regularly; and that in this particular instance they were inspected after the commencement of the storm and were found to be functioning properly and with no debris in sight which would cause a hazard. In our opinion there was no substantial evidence upon which the jury could base its verdict and that the motion for a judgment notwithstanding the verdict was properly granted.

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.