[Civ. No. 25414.   First Dist., Div. Four.   Apr. 22, 1968.]

ROBERT H. JAMES et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; WILLIAM MULLER, Real Party in Interest.

Robert H. James, Julian W. Mack II and Charles Reagh, each in pro. per., for Petitioners.

No appearance for Respondent.

William Muller, in pro. per., for Real Party in Interest.

CHRISTIAN, J.—Real party in interest, William Muller, is plaintiff in an action based upon the alleged malicious prosecution of a prior civil action brought against him in respondent court by petitioners herein. Muller's complaint alleges: (1) that the prior suit was instituted without probable cause; (2) that the suit was maliciously instituted; and (3) that the case was tried and judgment was entered in favor of William Muller.

Petitioners demurred generally to the complaint, pointing out that there was no allegation of a final determination of the prior suit (apparently an appeal is still pending) and contending that the complaint therefore fails to state a cause of action for malicious prosecution. Instead of ruling on the general demurrers, the court entered an order staying all proceedings until after determination of the appeal in the former action.

It is elementary that the function of a demurrer is to present to the court an issue of law regarding the sufficiency of the allegations set out in the pleading under attack. (Code Civ. Proc., § 589; 2 Witkin, Cal. Procedure (1954) Pleading, § 483.) From this it follows that the court's ruling is directed to the face of the pleading (supplemented by such

matters as may come within judicial notice); thus no later event such as the determination of an appeal can affect the question which was presented by the demurrer. If the pleader desires to bring in an allegation of material facts which have occurred after the filing of the original complaint or answer, it is provided that he may do so in some situations by means of a supplemental pleading. (Code Civ. Proc., § 464.) ▆ Once a demurrer has been filed it is ordinarily the court's duty to hear argument on the eighth succeeding court day. (Cal. Rules of Court, rule 202(b).) ▆▆ "The law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty." (*Robinson* v. *Superior Court* (1950) 35 Cal.2d 379, 383 [218 P.2d 10].) ▆▆ The sufficiency of the complaint was a matter brought properly before the court by the petitioners' demurrers; hence the "stay" ordered by the trial court was an abuse of discretion.

A writ of mandate will issue directing the trial court to vacate its order staying proceedings and to hear and rule upon the demurrers.

Devine, P. J., and Rattigan, J., concurred.