[Civ. No. 51694. Second Dist., Div. Five. May 24, 1978.]

LEE R. SALITER, Plaintiff and Appellant, v.
PIERCE BROTHERS MORTUARIES, Defendant and Respondent.

COUNSEL

Wallerstein, Miller, Walker & Bilford and David R. Bilford for Plaintiff and Appellant.

Waters, McCluskey & Corcoran and Fritz B. Hax for Defendant and Respondent.

OPINION

STEPHENS, J.—This is an appeal from an order of dismissal entered after the trial court sustained defendant's demurrer to plaintiff's second amended complaint without granting leave to amend. The trial judge determined that plaintiff's complaint showed that his action for personal injuries was barred by the statute of limitations. (Code Civ. Proc., § 340, subd. 3.) We agree.

The material facts as contained within the second amended complaint are averred as follows: On October 23, 1974, plaintiff's father died. The circumstances of death are not disclosed by the complaint, although plaintiff's brief states that the father "died at the wheel of his automobile." The complaint vaguely suggests that the Los Angeles County Coroner had the body removed to defendant's mortuary facilities. This was done pursuant to an alleged oral contract between defendant and the county coroner, entered on or about January 1971, whereby defendant agreed to act as an "on call mortuary" for unclaimed recently deceased persons. Under the contract, defendant agreed either to notify the

decedent's next of kin within four hours or report its inability to do so to the coroner's notification desk. Plaintiff asserts that defendant failed to comply with the notification requirements "in a reasonable and proper manner" and therefore breached its contract. As a result, plaintiff learned of his father's fate only after four days of personal investigation. Because of this delay, the funeral and burial services could not be conducted in accordance with the religious and social customs of the family and their community. Plaintiff avers that, upon realizing that his father was dead, that the body "was unclaimed for an unreasonable period of time," and that "no customary funeral or burial services could be held," he suffered "great nervous shock, great mental anguish and humiliation, all of which was, or should have been foreseeable to defendants . . . ." As a result of defendant's breach, plaintiff had to undergo costly medical examinations and treatment.

On April 13, 1976, plaintiff Saliter filed his original complaint to recover for personal injuries resulting from defendant's alleged breach of contract.[1] He asserts that the contract was "expressly made for the benefit of the plaintiff" and was made "for the specific purpose of promptly notifying the next-of-kin of the deceased." He therefore seeks to be considered a third party beneficiary under the alleged contract.

As plaintiff admits, the statute of limitations for negligent infliction of personal injuries is one year, notwithstanding that the duty which is alleged to have been breached arose *ex contractu.* (Code Civ. Proc., § 340, subd. 3; *Allred* v. *Bekins Wide World Van Services* (1975) 45 Cal.App.3d 984, 988 [120 Cal.Rptr. 312].) Plaintiff filed his complaint in April 1976—over 17 months after the alleged breach. Nevertheless, plaintiff avers that until he underwent psychiatric treatment, beginning in December 1975, he could not have reasonably discovered that defendant's alleged breach was the cause of his condition. The second amended complaint alleges that at the time of the alleged breach and "for several months thereafter, plaintiff was unaware that any of his physical or mental problems were being caused by defendants' alleged breach of contract." In November 1975, plaintiff watched a television interview of a clinical psychiatrist which included a discussion of the symptoms of chronic depression. After viewing this program, plaintiff "became aware that he may have suffered from said malady." In December, he began seeing a psychiatrist and receiving treatment including medication and

---

[1]At the time plaintiff filed his original complaint, his sister, Karen Sheiniuk, was a coplaintiff. After the original demurrer was sustained, Mrs. Sheiniuk was voluntarily dismissed as a plaintiff.

"verbal analysis." The complaint avers the following circumstances surrounding plaintiff's discovery of the cause of action: "During the course of plaintiff's above-described treatment, the doctor was able to elicit that plaintiff was suffering from complete withdrawal resulting from a state of depression. During this time it was discovered, through said treatment and analysis, that a substantial contributive factor in plaintiff's mental state and its resultant physical manifestations was the herein alleged negligent breach of contract by the defendant."

*The complaint fails to state sufficient*
*facts to avoid the apparent bar imposed*
*by the statute of limitations.*

The key issue in this appeal is whether the plaintiff's complaint shows that the action is barred by the appropriate statute of limitations. We agree with the determination of the trial court that the action is so barred.

■ Personal injury cases based upon negligent breach of contract are governed by the one-year statute of limitations prescribed by Code of Civil Procedure section 340, subdivision 3. (*Allred* v. *Bekins Wide World Van Services, supra,* 45 Cal.App.3d 984, 988; *Howe* v. *Pioneer Mfg. Co.* (1968) 262 Cal.App.2d 330, 339 [68 Cal.Rptr. 617].) ■ In both tort and contract cases, the statute of limitations generally begins to run upon the occurrence of the last fact essential to the cause of action. That a plaintiff is unaware of the cause of action or the identity of the wrongdoer does not delay the running of the statute. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421]; *Howe* v. *Pioneer Mfg. Co., supra,* at p. 340; *Rubino* v. *Utah Canning Co.* (1954) 123 Cal.App.2d 18, 27 [266 P.2d 163].) In the present case, both the alleged breach of contract and the injury occurred in October 1974—approximately 17 months before plaintiff filed his complaint. It therefore appears from the face of the complaint that plaintiff's action is barred.

■ Plaintiff, however, has sought to bring himself within the operation of the "discovery rule"—a judicially recognized exception to the strict operation of the statute of limitations. In a growing variety of cases, courts have held that the statute of limitations does not begin to run until the plaintiff discovered or had notice of all facts which are essential to the cause of action. (See *Warrington* v. *Charles Pfizer & Co.* (1969) 274 Cal.App.2d 564, 569-570 [80 Cal.Rptr. 130]; *Cain* v. *State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 314-315 [132 Cal.Rptr. 860], and

cases cited therein.) This exception is based on the notion that statutes of limitations are intended to run against those who fail to exercise reasonable care in the protection and enforcement of their rights; therefore, those statutes should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could reasonably be expected to discover its existence. (See *Howe* v. *Pioneer Mfg. Co., supra,* 262 Cal.App.2d 330, 346; *Warrington* v. *Charles Pfizer & Co., supra,* 274 Cal.App.2d at p. 569.) There appears to be a strong trend toward application of the discovery rule to personal injury actions. In such cases, where the injury is inflicted without perceptible trauma and the victim is unaware of the fact of injury or its cause, the statute of limitations does not begin to run until the plaintiff discovers or reasonably should discover those facts. (*Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 311-313 [57 P.2d 908] [medical malpractice]; *Arndt* v. *Worker's Comp. Appeals Bd.* (1976) 56 Cal.App.3d 139, 149 [128 Cal.Rptr. 250] [delayed discovery of industrially related cause of death]; *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 25 [122 Cal.Rptr. 218] [injuries resulting from use of prescribed drug]; *Allred* v. *Bekins Wide World Van Services, supra,* 45 Cal.App.3d 984, 989-991 [personal injuries resulting from negligent breach of contract to ship personal property]; *Warrington* v. *Charles Pfizer & Co., supra,* at pp. 567-571 [injuries resulting from use of prescribed drug].)

In order to invoke this special defense to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. (*G. D. Searle & Co.* v. *Superior Court, supra,* 49 Cal.App.3d 22, 26; *Bradler* v. *Craig* (1969) 274 Cal.App.2d 466, 472 [79 Cal.Rptr. 401].) Mere conclusory assertions that delay in discovery was reasonable are insufficient and will not enable the complaint to withstand general demurrer. (*Bradler* v. *Craig, supra,* at p. 472.)

An analysis of the second amended complaint reveals that plaintiff has failed to state facts showing that discovery could not have been accomplished at an earlier date. Plaintiff concedes in his brief that he was quickly aware of both defendant's alleged breach of duty and plaintiff's resulting injury. Nevertheless, he contends that his emotional disturbance kept him from perceiving the causal link between the two. We believe, however, that plaintiff's depression and withdrawal are not sufficient basis to excuse late discovery of his cause of action. It is unfortunately all too common for persons to injure one another; it is

likewise common for depression and other psychological side-effects to accompany such injuries. Yet even depressed persons are required to exercise reasonable diligence in the protection of their rights—at least so long as they remain able to be responsible for their acts. (See *Phillips* v. *Standard Acc. Ins. Co.* (1960) 180 Cal.App.2d 474, 481-482 [4 Cal.Rptr. 277].) Plaintiff has nowhere claimed that the alleged breach caused him to become mentally incompetent. (See Code Civ. Proc., § 352, subd. (a) 2.) Indeed, at oral argument it was conceded that plaintiff makes no such claim.

Further, the circumstances of injury are dissimilar from cases in which late discovery has been justified. It is clear from the complaint that neither plaintiff's injuries nor their cause were latent and imperceptible. On the contrary, plaintiff alleged that he became physically ill and suffered "great nervous shock" upon learning of his father's death and defendant's failure to notify. In short, traumatic injury quickly followed the alleged breach. Given the close sequential connection between defendant's failure to notify and plaintiff's emotional distress, we can only conclude that any reasonably prudent person would have perceived or at least suspected a causal relationship between those two events.

Given the fact that plaintiff was aware of both defendant's breach of duty and resulting injury, he strains to deny that he had notice of the causal relationship between the two. Where a person has knowledge of circumstances which would put a reasonable person to inquiry as to a particular fact, he is charged with knowledge of that fact if inquiry might have disclosed it. (Civ. Code, § 19.) In applying this principle to the material facts three questions become apparent. First, would a reasonable person who was aware that someone had violated a contractual duty owed to that person be put on inquiry as to the nature and extent of damages flowing from the breach? Second, would a reasonable person who was aware that they were suffering from severe emotional and physical disturbances be put on inquiry as to the nature and source of these conditions? Third, would a reasonable person who suffered a traumatic onset of physical and emotional distress almost immediately after he had learned that he was a victim of wrongful conduct be put on inquiry as to a possible causal link between the two events? We believe that each of these questions can only be answered in the affirmative.

Notwithstanding plaintiff's conceded knowledge of the above mentioned facts, the complaint fails to allege that he made any efforts to determine the cause of his condition or to investigate damages until the

ordinarily applicable statute of limitations had elapsed—over a year after the alleged breach. Although he became aware of his condition and the alleged breach in late October 1974, the complaint shows that he did not begin therapy until December 1975. The complaint also shows that there was an available means to learn the necessary facts. That plaintiff did through therapy subsequently discover the causal connection between the alleged breach and his condition shows that earlier inquiry might have been fruitful.

Finally, plaintiff failed to allege facts which would excuse his extended inaction following the breach and injury. This is not a case in which the wrongdoer has concealed material facts or made false representations which lulled the plaintiff into inaction during the period when he could have brought his lawsuit. (*Baker* v. *Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 321-325 [114 Cal.Rptr. 171]; *Pashley* v. *Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 231 [153 P.2d 325].)

We therefore conclude that under the facts alleged, plaintiff had discovered, or had notice of, all facts essential to the asserted cause of action in October 1974—17 months before he filed his first complaint. Hence, plaintiff has failed to meet his burden of alleging facts which excuse his late discovery of the cause of action.

> *The general demurrer was an appropriate*
> *means by which to test whether plaintiff's*
> *allegations were sufficient to bring him*
> *within the operation of the discovery rule.*

Plaintiff argues that the demurrer was an inappropriate mode to challenge the application of the discovery rule. He asserts that the reasonableness of delayed discovery is a question of fact. A demurrer tests the adequacy of the pleading assuming the facts therein alleged to be true. Hence, plaintiff would conclude, the trial court's sustaining of the demurrer was erroneous. This conclusion fails.

As previously stated, it is the complainant's burden to plead not merely the ultimate fact of reasonable delay in discovery, but specific facts which allow a legitimate inference that the delay was reasonable.[2] (*G. D. Searle*

---

[2]There is a sound reason for requiring the pleader to state specific facts showing that delayed discovery was reasonable. One of the primary functions of the demurrer is to filter out actions which lack substantial basis without the time and labor of trial. Where the complaint discloses that the statute of limitations bars the action, the general

& *Co.* v. *Superior Court, supra,* 49 Cal.App.3d 22, 26; *Bradler* v. *Craig, supra,* 274 Cal.App.2d 466, 472.) The demurrer presents an issue at law as to the sufficiency of the alleged facts set out in the pleading. (*James* v. *Superior Court* (1968) 261 Cal.App.2d 415, 416 [67 Cal.Rptr. 783].) It follows that whether a complaint states sufficient facts to avoid a facial defect is a question of law which may be resolved upon demurrer.

Plaintiff appears to contend that whether delayed discovery was unreasonable in view of the facts alleged cannot be decided as a matter of law. This would be true if the facts alleged were susceptible to opposing inferences. (*Northwestern P. C. Co.* v. *Atlantic P. C. Co.* (1917) 174 Cal. 308, 312 [163 P. 47]; *Baker* v. *Beech Aircraft, supra,* 39 Cal.App.3d 315, 323; *Bowman* v. *McPheeters* (1947) 77 Cal.App.2d 795, 803 [176 P.2d 145].) Where, however, as in this case, the allegations bearing upon the issue of whether plaintiff had constructive notice of allegedly undiscovered facts would support only one legitimate inference, the question becomes one of law. (See *Southern Pac. Co.* v. *City & County of S. F.* (1964) 62 Cal.2d 50, 56-57 [41 Cal.Rptr. 79, 396 P.2d 383]; *Marino* v. *County of Tuolumne* (1953) 118 Cal.App.2d 675, 677 [258 P.2d 540].) We believe that plaintiff's conceded knowledge of the alleged breach as well as the traumatic physical and emotional injury that quickly followed were more than sufficient—as a matter of law—to place plaintiff on inquiry. Plaintiff failed to state any facts which might excuse a more diligent inquiry. Therefore, the facts alleged are insufficient to support a reasonable inference that delayed discovery was excusable. The complaint does not avoid the bar of the statute of limitations and is therefore subject to general demurrer.

■ Plaintiff has had ample opportunity to plead facts avoiding the apparent bar of the statute of limitations; yet, the facts pled in the second amended complaint are wholly inadequate for that purpose. Further, neither the complaint nor plaintiff's brief on appeal even suggest that facts more helpful to plaintiff exist. The trial court therefore operated

demurrer has long been held an appropriate means to assert such a facial defect. (*Brown* v. *Martin* (1864) 25 Cal. 82, 91; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 812, p. 2421.) If conclusory assertions of reasonable delay were sufficient to buttress the complaint against general demurrer, all plaintiffs would be encouraged to so plead, even where such assertion lacked substantial basis. As a result, the demurrer would lose much of its utility as a means of challenging baseless actions.

within the bounds of its discretion when it sustained the demurrer without leave to amend.[3]

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1978.

---

[3]In view of our holding, it is unnecessary to consider the defendant's contention that plaintiff has no standing as a third party beneficiary to bring an action under the alleged oral contract.