[Civ. No. 18400. Fourth Dist., Div. One. Dec. 17, 1979.]

DANIEL W. CHRIST et al., Plaintiffs and Appellants, v. JACK E. LIPSITZ et al., Defendants and Respondents.

## Counsel

Gregory G. Petersen and Stephen P. Croce for Plaintiffs and Appellants.

Rhoades & Hollywood and Rosalie Shanks for Defendants and Respondents.

## Opinion

**THE COURT.\***—Plaintiffs appeal a judgment dismissing their action after a general demurrer to the complaint had been sustained without leave to amend. The demurrer and ruling were based upon the running of the statute of limitations on plaintiffs' medical malpractice action.

In 1971 Daniel Christ had a vasectomy performed by the defendant doctors, as he wished to father no more children. A few months after the operation, the defendants tested Daniel's semen, finding he was sterile. After five nonproductive years, his wife, Patricia, discovered she was pregnant in July 1976, and gave birth to a son in December 1976.

The Christs sought legal advice on the matter in November 1977. Notice of the impending malpractice suit was sent to the defendants.[1]

---

*Before Brown, (Gerald), P. J., Cologne, J., and Staniforth, J.

[1] The Christs state in their brief "notice was sent to defendants pursuant to the Government Code," but we assume they mean notice was sent as required by Code of Civil

The complaint was filed in February 1978 alleging seven causes of action. The first count alleges negligent performance of various duties concerning the vasectomy as to Daniel. The second and third allege various injuries to Patricia from defendants' negligence, the third specifically alleging her loss of normal employment from July 1976. The fourth alleges a breach of an oral contract between Daniel and defendants with Patricia as a third party beneficiary. The fifth alleges negligence in the performance of a postoperative sperm check on Daniel and his resulting injuries. The sixth is the same as the fifth but concerns Patricia's injuries. The seventh alleges breach of warranty of sterility made by defendants to both Daniel and Patricia.

The statute of limitations applicable to the negligence actions (counts first, second, third, fifth and sixth) is Code of Civil Procedure section 340.5 which reads in part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be...one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury,..."

The word "injury" in the statute includes not only the physical condition but also the negligent cause of the condition (*Sanchez* v. *South Hoover Hospital,* 18 Cal.3d 93, 99 [132 Cal.Rptr. 657, 553 P.2d 1129]). It refers to the damaging effect of the alleged wrongful act and not to the act itself. No cause of action accrues until the patient suffers appreciable harm as a consequence of the alleged act of malpractice (*Larcher* v. *Wanless,* 18 Cal.3d 646, 656, fn. 11 [135 Cal.Rptr. 75, 557 P.2d 507]).

Defendants contend the statute began to run from the discovery of the pregnancy. The judge below agreed with defendants. The Christs claim the negligent cause of the injury could not be determined until the birth of the child. Only at that point, they argue, could Daniel know if the child was his. They also contend only at birth could the amount of damages become known.

---

Procedure section 364. That section requires actions based upon health care provider's professional negligence be preceded by 90 days' notice of intention to commence the action.

If the statute of limitations would run during this 90-day period, the notice tolls the statute until the end of this period (Code Civ. Proc., § 364, subd. (d); *Gomez* v. *Valley View Sanitorium,* 87 Cal.App.3d 507 [151 Cal.Rptr. 97]).

The Christs' arguments fail both as a matter of law and for inadequate pleadings. As to the pleading matter, "In order to properly raise the issue of belated discovery, the plaintiff must state in his complaint when the discovery was made, the circumstances surrounding the discovery, and facts which show that the failure to make an earlier discovery was reasonable, justifiable and not a result of plaintiff's failure to investigate or to act. [Citations.]" (*Dujardin* v. *Ventura County Gen. Hosp.*, 69 Cal.App.3d 350, 356 [138 Cal.Rptr. 20].) This the Christs failed to do. The complaint shows the pregnancy was discovered at least by July 1976 when Patricia could no longer work. The case was not filed until February 1978. Nowhere in the complaint is the time of discovery expressly pleaded, nor are any facts specifically pleaded which show any excuse for failure to investigate upon discovering the pregnancy.

■ Even assuming the complaint could somehow be read to plead discovery of the injury at the time of the child's birth, the judge acted properly in holding as a matter of law the statute began running upon the discovery of Patricia's pregnancy. The reasonableness of a delayed discovery is usually a question of fact but may be a question of law when the allegations of the complaint bearing on whether the plaintiffs had constructive notice of allegedly undiscovered facts are susceptible to only one legitimate inference (*Saliter* v. *Pierce Brothers Mortuaries,* 81 Cal.App.3d 292, 300 [146 Cal.Rptr. 271]).

The Christs' argument the negligent cause of the pregnancy could only be discovered upon the child's birth misconstrues what is required for the injury to be considered "discovered." The statute begins to run when the plaintiff has notice of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (*Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d 93, 101). When the wife of a supposedly sterile man gets pregnant, he knows either he is not sterile or she is not faithful. He may then have his own sterility confirmed by tests. A reasonable person is put on inquiry in a case such as this upon the discovery of the wife's pregnancy.

Since neither the complaint nor the Christs' brief allege any facts which would justify the delayed discovery, we can find no abuse of discretion in dismissing the negligence counts without leave to amend (*Saliter* v. *Pierce Brothers Mortuaries, supra,* 81 Cal.App.3d 292, 300-301).

The fourth count alleges a breach of an oral contract and the seventh a breach of warranty of sterilization. The statute of limitations applicable to oral contracts is two years from the discovery of the damage suffered (Code Civ. Proc., § 339). The complaint was filed within two years of both the discovery of the pregnancy and the birth.

■ A plaintiff may not, however, circumvent the statute of limitations merely by pleading an action which is in substance a tort as a contract. "It is settled that an action against a doctor arising out of his negligent treatment of a patient is an action sounding in tort and not one based upon a contract." (*Bellah v. Greenson,* 81 Cal.App.3d 614, 625 [146 Cal.Rptr. 535]).

The fourth count alleges only there was a contract to perform the vasectomy, which was breached. This action arises solely from the alleged negligent act and sounds in tort. It is barred by the statute of limitations.

Count seven alleges the defendants warranted the sterility of Daniel "upon the successful completsion of the operation hereinbefore described," and breach of this warranty caused damages.

A medical malpractice suit need not be limited to a negligence theory. "[I]f a plaintiff can prove...that a surgeon has clearly promised a particular result (as distinguished from a mere generalized statement that the result will be good), and that the patient consented to an operation or other procedure in reliance on that promise, there can be recovery on the theory of warranty (or, to give the theory its more accurate name, breach of contract)." (*Depenbrok v. Kaiser Foundation Health Plan, Inc.,* 79 Cal.App.3d 167, 171 [144 Cal.Rptr. 724]).

The allegation here was not that the defendants promised the operation would successfully sterilize Christ. The allegation is defendants promised Christ would be sterile if the operation were successfully completed. If there was a warranty, it was that the surgical procedure employed by defendants was the appropriate one to achieve the desired result.

■ The question remains whether the Christs should have been granted leave to amend the seventh count. The seventh cause of action has pretty much been treated as a waif throughout the proceedings. It

was not mentioned, much less defended, in the points and authorities filed in opposition to the demurrer. It was not mentioned, much less defended, in oral argument on the demurrer. There was no offer below, or an appeal, as to how the seventh count could be amended to state a cause of action. We discern no abuse of discretion under these circumstances in failing to grant leave to amend.

Judgment affirmed.