Filed 10/17/25  Horst v. Lowthorp Richards McMillan Miller & Templeman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ANNA HORST,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LOWTHORP RICHARDS MCMILLAN MILLER & TEMPLEMAN,<br><br>    Defendant and Respondent. | 2d Civ. No. B341083<br>(Super. Ct. No. 56-2022-00568983-CU-CO-VTA)<br>(Ventura County) |

Anna Horst appeals from the judgment of dismissal after the trial court sustained the demurrer to her first amended complaint without leave to amend.  We affirm.

FACTS AND PROCEDURAL BACKGROUND

Respondent Lowthorp Richards McMillan Miller & Templeman (the Law Firm) represented Anna[1] in her divorce proceedings.  Ronald Horst, Anna's father, executed an

---

[1] Due to the shared Horst surname, we use first names for clarity.  No disrespect is intended.

"Agreement for Legal Services" (the agreement) in 2014.  Ronald agreed to retain the Law Firm and pay fees for their representation.  In September 2017, Anna terminated her relationship with the Law Firm and obtained new counsel. Ronald passed away in 2019.

In 2022, and as Ronald's successor in interest, Anna filed a lawsuit against the Law Firm seeking a rescission of contract due to mutual mistake.  Anna alleged Ronald and the Law Firm mistakenly entered into a legal services agreement, rather than a third-party guarantor agreement, and sought the Law Firm's return of the money Ronald paid to them.  Anna alleged the Law Firm sent Ronald the final billing invoice on October 19, 2017, and that Ronald made his final payment in December 2017.

The Law Firm demurred to the operative amended complaint.  In sustaining the demurrer without leave to amend, the trial court concluded Anna's complaint was barred by the statute of limitations under Code of Civil Procedure[2] section 340.6 because Anna knew or should have known of the facts relevant to her claim of alleged mistake no later than October 19, 2017, the date of the final billing invoice to Ronald.  The court reasoned: "The alleged mistake occurred on or about April 28, 2014 and continued to October 19, 2017 when the final billing invoice was sent. . . . Plaintiff may have been unaware of the legal theory followed by current counsel but knew or should have known all of the facts by then."  The trial court also concluded Anna failed to state a claim because she failed to plead facts showing the alleged mistake was material.  Even if Ronald

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

intended to sign a third-party guarantee rather than a fee agreement, he was still obligated to pay the Law Firm's fees.

## DISCUSSION

### *The Law Firm's demurrer*

Anna contends the trial court erred when it sustained the Law Firm's demurrer without leave to amend. We disagree.

We review an order sustaining a demurrer de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law under any legal theory. (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016; *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) We interpret the complaint reasonably, accept as true the well-pleaded allegations in the complaint, and read those allegations "in the light most favorable to the plaintiff." (*Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1557; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the demurrer was sustained without leave to amend, we review the court's denial of leave to amend for an abuse of discretion. (*Blank*, at p. 318.)

" ' " 'A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred.' " ' " (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232.) On demurrer, " ' " 'the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred. ' " ' " (*Ibid.*)

Legal malpractice claims are governed by section 340.6, which states: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence

should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."  (§ 340.6, subd. (a).)  Thus, the statute provides "two distinct and alternative limitation periods:  *one* year after actual or constructive *discovery*, or *four* years after *occurrence* (the date of the wrongful act or omission), whichever occurs first."  (*Radovich v. Locke-Paddon* (1995) 35 Cal.App.4th 946, 966.)

Here, Anna's claims are time barred under the one- and four-year limitation periods.  Under the discovery rule, a plaintiff does not have to discover all the relevant facts supporting a cause of action.  (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1111 (*Jolly*).)  But "[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights."  (*Ibid*.)

Ronald knew or should have known of all facts required to put him on notice of a potential claim by December 2017.  Ronald's knowledge is imputed to Anna because she alleged she is Ronald's successor in interest and therefore "stepped into" his shoes to file this lawsuit as his legal heir.  (*Peterson v. John Crane, Inc*. (2007) 154 Cal.App.4th 498, 509.)  In her amended complaint, Anna contends Ronald and the Law Firm mistakenly entered into the agreement in 2014.  Anna contends this mistake continued until at least October 19, 2017, when the Law Firm sent the final billing invoice to Ronald; and at the latest, until December 2017, when Ronald paid the final invoice.  Because Ronald had knowledge of all facts necessary to provide him with "a suspicion of wrongdoing" (*Jolly*, *supra*, 44 Cal.3d at p. 1111) by December 2017, Anna's lawsuit is time-barred because it was

4

filed well beyond the one-year statute of limitations that accrued in December 2018.

The test for "actual injury" to determine when the four-year limitations period in section 340.6, subdivision (a) is triggered turns on whether the plaintiff has sustained any compensable damages against an attorney for a wrongful act or omission arising in the performance of professional services. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 751.)

And here, Anna contends Ronald paid nearly $200,000 in legal fees to the Law Firm, but she does not allege Ronald made any of these payments after December 2017. Because Anna does not allege Ronald sustained any injury occurring after December 2017, the lawsuit is time-barred because it was filed beyond the four-year statute of limitations that accrued in December 2021. Thus, we conclude Anna's complaint is barred by the applicable statute of limitations.

Anna's attempt to circumvent section 340.6 by contending the trial court improperly construed the agreement between Ronald and the Law Firm as a third-party agreement rather than a fee agreement is meritless. As the trial court aptly found, the difference is immaterial. Under either scenario—one where Ronald signed a fee agreement, and one where Ronald signed a third-party agreement—Ronald would have been responsible for the fees. Thus, even if Ronald signed a third-party agreement, that fact would not support Anna's rescission claim because it would still be time-barred.

Because Anna's lawsuit is time-barred, there is no reasonable possibility of amendment that would cure the complaint's legal defects. (*Yvanova v. New Century Mortgage*

*Corp.* (2016) 62 Cal.4th 919, 924.)  Anna does not state how she can amend her pleading to state a claim that is not barred by section 340.6.  There was no abuse of discretion in denying leave to amend.  (*Saliter v. Pierce Brothers Mortuaries* (1978) 81 Cal.App.3d 292, 300–301.)

DISPOSITION

The judgment is affirmed.  The Law Firm shall recover their costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Rebecca S. Riley, Judge
(Retired Judge of the Ventura Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Superior Court County of Ventura
_____

Law Offices of Michael Labrum and Michael Labrum for Plaintiff and Appellant.

Lowthorp Richards and Darin Marx for Defendant and Respondent.