Filed 1/28/26  Cramer v. County of El Dorado CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| DAVID CRAMER, | C102216 |
| Plaintiff and Appellant, | (Super. Ct. No. 23CV0457) |
| v. | |
| COUNTY OF EL DORADO, | |
| Defendant and Respondent. | |

Self-represented plaintiff David Cramer sued defendant El Dorado County (county) over seven years after county approved a nearby landowner's building permit. Alleging that the permit was unlawful, plaintiff asserted several causes of action against county.  The trial court sustained county's demurrer to the complaint without leave to amend based on the statute of limitations, among other grounds.  Plaintiff appeals.  We affirm.

1

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff owns real property in the county town of Cool. In 2015, county issued a building permit authorizing a landowner to build on nearby open space land (the 2015 permit). In April 2023, plaintiff sued county, alleging that (1) county's planning and building department breached its duty by approving the 2015 permit and (2) landowner illegally fenced in federal land, fraudulently represented the size of his property when he applied for the 2015 permit, and operated an illegal winery on the property.

On his own, plaintiff amended his complaint in April 2023, May 2023, and June 2023. The June 2023 complaint asserted causes of action for breach of mandatory duty (Gov. Code, § 815.6) and negligence. The court sustained county's demurrer to the June 2023 complaint on the ground that the causes of action were barred by the statute of limitations. The court granted plaintiff leave to amend his pleading.

Plaintiff filed a fourth amended complaint in December 2023 (the December 2023 complaint), adding four individuals as defendants, including landowner, landowner's attorney, and county's attorney. The December 2023 complaint makes allegations concerning both the 2015 permit and a separate 2022 approval and generally alleges that "[f]raudulent concealment of material facts by [county] prevents the tolling of the [s]tatute of [l]imitations."

The allegations concerning the 2015 permit are as follows. In 2015, landowner built a residential structure on property zoned as open space land. One of county's employees approved the permit for that building in violation of a county ordinance. "It is reasonable to assume" county "at some point" discovered the violation because the approving employee's employment ended two days after the final inspection of the structure. Landowner also misrepresented his lot size, committed theft by fencing in federal land, and was operating an illegal winery.

The allegations concerning the 2022 approval are as follows. In November 2022, county's planning commission authorized six unpermitted structures on landowner's

2

property.  Plaintiff appealed the authorization to county's board of supervisors, and the board "upheld his appeal."  Landowner's attorney filed a writ of mandate in a separate action, but landowner had no grounds to overturn the board's decision.  The trial court hearing the writ was conspiring with landowner's attorney and county's attorney to delay county's code enforcement on landowner's property.

The December 2023 complaint asserts the following causes of action:  (1) breach of mandatory duty in 2015; (2) negligence by failing to comply with policy and statute; (3) concealment of a government employee's actions relating to the 2015 permit; (4) conversion of government property; (5) building without a permit; (6) professional malpractice; (7) fraud and conspiracy to commit fraud; and (8) wrongful use of civil proceedings.  Plaintiff alleges that county's citizens suffered permanent irreparable damage due to:  (1) loss of grazing agriculture, "critical wildlife and biotic habitat," recreational area, public access to open space, and scenic value; (2) increased urban sprawl, human and animal run-off, and threat of fire; and (3) negative impact on the watershed.

County demurred to the December 2023 complaint on several grounds.  The trial court sustained the demurrer because:  (1) the causes of action were barred by either the 90-day statute of limitations in Government Code section 65009, subdivision (c)(1) or the three-year statute of limitations in Code of Civil Procedure section 338; (2) several causes of action were merely labels with no supporting factual allegations or statutory bases; and (3) no government claim was ever filed concerning the writ of mandate.

The court dismissed the December 2023 complaint with prejudice as to county. Plaintiff appeals.

## DISCUSSION

Although plaintiff's briefing fails to comply with many rules of court, we exercise our discretion to disregard the noncompliance.  (Cal. Rules of Court, rule 8.204(a) & (e).) Our de novo review of the trial court's demurrer ruling " 'is limited to issues . . .

adequately raised and supported in [plaintiff's opening] brief.' " (*WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 155.)  Because plaintiff's opening brief makes no effort to challenge the sustained demurrer regarding plaintiff's 2022 approval claims and the related writ of mandate, we consider those claims forfeited. (*Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1409-1410.)

As to the 2015 permit claims, plaintiff contends the statute of limitations does not bar them because county did not disclose or provide sufficient information for anyone to have reason to know that the 2015 permit was improperly granted.  Relatedly, he contends county "is estopped from using the statute of limitations as a defense" because county never publicly disclosed the illegality of the 2015 permit.  As we will explain, these contentions lack merit.

We begin by noting that plaintiff does not dispute that the longest potentially applicable statute of limitations in this case is three years.  (Code Civ. Proc., § 338.) Based on the allegations in the December 2023 complaint, over seven years passed between (1) the 2015 permit and the construction of the associated residential structure and (2) plaintiff's original complaint.  Because that stretch of time is clear on the face of the December 2023 complaint, plaintiff was obligated to anticipate a statute of limitations defense and plead facts to negate it.  (*Union Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 25; see *WA Southwest 2, LLC v. First American Title Ins. Co., supra*, 240 Cal.App.4th at p. 156 [reliance on discovery rule concedes claims are barred by one or more statutes of limitations].)  Plaintiff did not meet that obligation.

Next, plaintiff's reliance on estoppel is misplaced.  To establish estoppel, he must allege that county made a misrepresentation bearing on the necessity of bringing a timely suit.  (*State Comp. Ins. Fund v. Department of Ins.* (2023) 96 Cal.App.5th 227, 239.)  The December 2023 complaint does not include any allegation that meets that standard. Plaintiff's bare allegations of fraud are insufficient.

4

And finally, plaintiff's reliance on the discovery rule is misplaced for two reasons. First, plaintiff's contention that discovery-rule issues are factual and cannot be resolved on demurrer is incorrect. (*Ventura29 LLC v. City of San Buenaventura* (2023) 87 Cal.App.5th 1028, 1044-1045 [rejecting that contention].) And second, a plaintiff looking to use the discovery rule "must plead facts to show his or her inability to have discovered the necessary information earlier despite reasonable diligence." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 815.) Specifically, the plaintiff must plead facts, beyond conclusions, showing the (1) time and manner of discovery, and (2) the inability of earlier discovery with reasonable diligence. (*Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 175.) The December 2023 complaint does not meet these standards. It does not specifically allege when or how plaintiff became aware of any concerns regarding the 2015 permit. And it does not show that plaintiff would have been unable, despite reasonable diligence, to have discovered those concerns earlier. (*CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1537.) Plaintiff's conclusory assertion of county's "fraudulent concealment of materials facts" is insufficient. (See *Saliter v. Pierce Brothers Mortuaries* (1978) 81 Cal.App.3d 292, 297 [conclusory assertions that delay in discovery was reasonable are insufficient].) And his allegation that county "at some point" discovered the impropriety of the 2015 permit does not satisfy his obligation to allege his inability to discover the facts.

For these reasons, we find no error in the court's order sustaining the demurrer. And because plaintiff does not challenge the trial court's denial of leave to amend, we have no reason to address it.

## DISPOSITION

The judgment is affirmed.  County shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1),(2).)


/s/_____
MESIWALA, J.


We concur:


/s/_____
DUARTE, Acting P. J.


/s/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.