**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HAMILTON MATERIALS INC., a
California corporation,
   *Plaintiff-counter-defendant-*
       *Appellant,*

     v.

DOW CHEMICAL CORPORATION, a
Delaware corporation e/s/a DOW
CHEMICAL COMPANY; KCAC INC., a
California corporation; HARCROS
CHEMICALS INC., individually and
as Successor in Interest to
HARRISONS and CROSFIELD (Pacific
Inc.); BENSON CHEMICAL
CORPORATION; JOHN L. MYERS,
individually,
    *Defendants-Appellees,*

UNION CARBIDE CORPORATION, a
New York corporation,
   *Defendant-counter-claimant-*
        *Appellee.*

No. 05-55976

D.C. No.
CV-04-08389-FMC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted
April 19, 2007—Pasadena, California

Filed July 23, 2007

8911

Before: Jerome Farris and Ronald M. Gould, Circuit Judges, and Kevin Thomas Duffy,* District Judge.

Opinion by Judge Duffy

*The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

## COUNSEL

Law Offices of Todd C. Ringstad, Todd C. Ringstad, Esq. for appellant Hamilton Materials, Inc.

Lanier Law Firm, P.C., W. Mark Lanier, Esq., Kevin P. Parker, Esq., Eugene R. Egdorf, Esq. for appellant Hamilton Materials, Inc.

Orrick Herrington & Sutcliffe LLP, Peter A, Bicks, Esq., Edwin V. Woodsome, Jr., Esq., Andrew S. Wong, Esq., Khai LeQuang, Esq. for defendant-appellee Union Carbide Corporation

Becherer, Kannett & Schweitzer, Anthony Bentivegna, Esq., Mark S. Kannett, Esq., Susan Beneville, Esq. for appellee KCAC, Inc.

William H. Armstrong, Esq., for appellee Harcros Chemicals, Inc.

McDermott Will & Emery LLP, by Chris M. Amantea, Esq., Hany Fangary, Esq., Robert Pryor, Esq. for appellee Harcros Chemicals, Inc.

McKenna Long & Aldridge LLP, by William J. Sayers, Esq., Farah S. Nicol, Esq., Margaret I. Johnson, Esq., for appellee John L. Myers.

## OPINION

DUFFY, District Judge:

Hamilton Materials, Inc., a manufacturer of asbestos-based construction products, appeals the district court's order dated

February 16, 2005 (the "Order") finding that Appellant knew, or should have known, about its potential claims against Appellees long before the applicable statutes of limitations ran. The Order (i) denied Hamilton's motion to remand this case to state court; (ii) converted Appellees' motions to dismiss to motions for summary judgment; and (iii) granted in part and denied in part Appellees' motions for summary judgment.

Courts of appeal review a district court's conversion of a motion to dismiss to a motion for summary judgment for an abuse of discretion. *See Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002). This court reviews de novo both a district court's grant of a motion for summary judgment, *see Portland Adventist Med. Ctr. v. Thompson*, 399 F.3d 1091, 1095 (9th Cir. 2005), and a district court's denial of a motion to remand for want of removal jurisdiction. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). Fraudulent joinder must be proven by clear and convincing evidence. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (5th Cir. 1998).

**[1]** Appellant alleges that the non-diverse parties were not "sham defendants," and therefore the district court did not have diversity jurisdiction and improperly denied its motion to remand. Although there is a general presumption against fraudulent joinder, *see Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1998), "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**[2]** It is clear that any fraud claims Appellant holds for misrepresentations associated with its purchases of asbestos from 1965 to 1977, including those against the non-diverse defendants, are time-barred. Statutes of limitation normally begin to run when a claim accrues—that is, "when the cause of

action is complete with all of its elements." *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (internal quotation marks omitted). A plaintiff is on inquiry notice of its fraud claims when he "learns, or at least is put on notice, that a representation [is] false." *See Brandon G. v. Gray*, 3 Cal. Rptr. 3d 330, 334 (Cal. Ct. App. 2003).

**[3]** Although the parties have put forth evidence demonstrating that there is an ongoing scientific debate regarding whether Calidria is safe, this does not negate the host of publically available information, including government regulations, books, and news articles, that have elaborated on the dangers associated with all types of asbestos. It is clear that Appellant, a knowledgeable and sophisticated manufacturer of asbestos products and a defendant in hundreds of lawsuits relating to these exact issues, knew enough about the controversy to be suspicious that the position taken by Appellees was false. Given the presence of the scientific debate surrounding Calidria—a debate Appellant acknowledges and admits to have participated in—Appellant should have known that there was a chance, no matter how slight, that the position it was taking did not fall on the correct side of the argument. Therefore, even construing all of the evidence in favor of Appellant, it is simply not possible that it was not on inquiry notice of its claim. *See, e.g., Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 874-75 (1983) (plaintiff's early suspicion of her ex-husband's misrepresentations regarding his stock's value put her on inquiry notice of his potential wrongdoing, which an investigation would have confirmed).

Appellant argues that its fraud claim did not accrue until a deposition in 2003, when it learned of Appellees' specific intention to deceive their customers regarding the health hazards of Calidria. The district court found that the deposition did not provide Appellant with any information that would have been the source of this alleged eureka moment. Furthermore, it is not necessary that Hamilton had notice of Appellees' specific intention to deceive before the fraud action

accrued. All that is relevant is that a reasonable person—especially a sophisticated manufacturer of asbestos—would have been on notice of a potential misrepresentation. This is the date that the complaining party learns, or at least is put on notice, that a representation is false. *See Grisham v. Philip Morris USA, Inc.*, 40 Cal. 4th 623, 646 (2007) (personal injury claim for a tobacco company's misrepresentation accrued at the time that "the physical ailments themselves were, or reasonably should have been, discovered").[1]

[4] The district court properly converted the motions to dismiss to a motion for summary judgment. Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings. *See Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). The court considered matters outside of the pleadings in deciding the motions to remand and to dis-

---

[1]This recent decision rendered by the Supreme Court of California in response to certified questions from the Ninth Circuit rejected the proposition put forth in *Soliman*, 311 F.3d 966 (9th Cir. 2002), that plaintiffs are charged with constructive knowledge of the risks of smoking, and the statute of limitations for personal injury claims against a tobacco company accrue at the time the plaintiff learns of her addiction. *See Grisham*, 20 Cal. 4th at 629. The court stated that there is no special presumption that smokers are aware of the addictiveness or the health hazards of smoking, but that there is a general, rebuttable presumption that the planitiff had knowledge of the wrongful cause of her injury. *Id.* at 647. *Grisham* is inconsequential to this case, however, as a large asbestos manufacturer is not akin to an individual who may or may not be educated about the dangerousness of the product he is consuming. Furthermore, *Grisham* is predominantly a personal injury case, and does not speak to whether knowledge of scienter is a required element for a fraud cause of action to accrue. Nevertheless, if one were to draw a strained comparison between the present case and *Grisham*, it is clear that Appellant has offered no credible evidence to rebut a presumption that it had knowledge of the wrongful cause of its alleged injuries.

miss, which contained identical issues regarding the statute of limitations. Following oral argument, the court gave the parties the opportunity to submit evidence in support of their arguments and to engage in additional briefing. Appellant was clearly on notice that the court would look beyond the pleadings and would potentially convert the motion to dismiss to a motion for summary judgment.

**[5]** Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). California courts hold that inquiry notice is only a question of fact where the "facts alleged were susceptible to opposing inferences." *See Saliter v. Pierce Brothers Mortuaries*, 81 Cal. App. 3d 292, 300 (1978). Here, the only inference that can be drawn from the facts is that Appellant knew or reasonably should have known of the Appellees' alleged wrongdoing. The district court properly decided this issue pursuant to a summary judgment motion. The decision of the district court is AFFIRMED in its entirety.