OSU STUDENTS ALLIANCE, a registered student organization at Oregon State University and non-profit corporation organized under section 501(c)(3) of the Internal Revenue Code, and William Rogers, Plaintiffs,

v.

Ed RAY, individually, and in his official capacity as President of Oregon State University; Mark McCambridge, individually, and in his official capacity as Vice President for Finance and Administration of Oregon State University; Larry Roper, individually, and in his official capacity as Vice Provost for Student Affairs at Oregon State University; Vincent Martorello, individually, and in his official capacity as Director of Facilities Services for Oregon State University, Defendants.

Civ. No. 09–6269–AA.

United States District Court, D. Oregon.

Feb. 22, 2010.

Heather Gebelin Hacker, David Hacker, Alliance Defense Fund, Folsom, CA, Jonathan A. Clark, Attorney at Law, Salem, OR, Jeffrey A. Shafer, Alliance Defense Fund, Washington, DC, for plaintiffs.

John R. Kroger, Attorney General, Katherine G. Georges, Senior Assistant Attorney General, Nathan B. Carter, Assistant Attorney General, Department of Justice, for defendants.

## OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs, Oregon State University Student Alliance (OSUSA) and William Rogers bring this action for injunctive and declaratory relief and damages against defendants Ed Ray, Mark McCambridge, Larry Roper, and Vincent Martoller, individually and in their official capacities as Oregon State University (OSU) administrators. Plaintiffs allege that defendants' newspaper bin location policy violates their First and Fourteenth Amendment constitutional rights. They seek injunctive and declaratory relief and damages. Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and in the alternative, a motion for summary judgment pursuant to Fed.R.Civ.P. 56(c) on plaintiffs' claims for injunctive and prospective declaratory relief. I will consider both the motion to dismiss and the alternative motion for summary judgement relying on evidence beyond the pleadings. For the reasons set forth below, defendants' motion for summary judgment on injunctive and prospective declaratory relief is granted, and defendants' motion to dismiss on all other claims is granted.

## *STATEMENT OF FACTS*

The following facts are taken generally from the plaintiffs' complaint. Plaintiffs are former and current OSU students who are members of OSUSA, an organization that publishes a newspaper, called *The Liberty*. *The Liberty* is staffed by students and funded through advertising and private donations. For several years, plaintiffs distributed copies of *The Liberty* to OSU students in plastic newspaper bins placed around the OSU campus. To prevent theft, plaintiffs affixed the newspaper bins to various campus fixtures using bicycle chains and padlocks.

Pursuant to an unwritten 2006 OSU policy restricting the placement of newspaper bins on campus, OSU Facilities Services staff members removed plaintiffs' newspaper bins during the 2009 winter term. Plaintiffs contacted the OSU Facilities Services Department and were told by staff member, Joe Majeski, that the bins were removed to a storage yard because they had been placed in unauthorized locations and that OSU had designated areas around the Memorial Union and some of the dormitories for newspaper bins. Plaintiffs went to the storage yard to retrieve the bins. One of the bins had been damaged and approximately 150 copies of *The Liberty* were ruined due to water damage.

Plaintiffs then contacted defendant Ed Ray, OSU President, complaining about the bin removal. Defendant Ray directed plaintiffs to contact other University officials. Accordingly, plaintiffs contacted defendant Vincent Martorello, Director of Facilities Services, who explained to plaintiffs that the newspaper bin policy was intended to regulate off-campus newspapers in order to keep the campus clean. He also explained that newspaper bins were not to be chained to campus property because the chained bins interrupted maintenance crew work and interfered with Americans with Disabilities Act (ADA) requirements. Defendant Martorello offered to have the damaged bin repaired at the Facilities shop, and it has since been repaired.

Plaintiffs later sent an email to defendant Martorello, in which they explained the background of *The Liberty* and argued that it was a student newspaper, and not an off-campus newspaper. Defendant Martorello replied that he drew a distinction between *The Liberty,* and the official OSU newspaper, *The Daily Barometer,* which was funded by Associated Students of OSU (ASOSU). Later, plaintiffs received an email from defendant McCambridge, OSU Vice President for Financial and Administration explaining that because *The Liberty* is not funded by ASOSU, the administration did not have the same communication with it as with other student organizations and that distribution of *The Liberty* newspaper bins lacked coordination with OSU staff.

After this exchange, plaintiffs found two off-campus newspaper bins that were not in the areas designated for such publications and found a newspaper bin for *The Daily Barometer* chained to an OSU fixture. They again inquired about the newspaper bin location policy and asked to see its written source. An attorney representing the University responded to plaintiffs explaining that OSU policies for grounds, facilities, and buildings, including the placement of newspaper bins is plenary under Oregon statute and does not require a written policy. Plaintiffs continued to argue their status as a student, rather than off-campus, newspaper and ultimately registered as an official student organization in the spring of 2009.

After failed attempts challenging OSU's policy, plaintiffs filed the action at bar. Defendants have since changed the newspaper bin location policy and committed it to writing. Declaration of Vincent Martorello, Exhibit A. The new policy does not distinguish between student and off-campus publications and increases the number of locations that plaintiffs may place their bins around campus. *Id.,* page 3.

## STANDARDS OF REVIEW

### I. Motions to Dismiss

■ Pursuant to Fed.R.Civ.P. 8(a)(2) a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. *Id.* In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. *Id.* When a court finds well-pleaded factual allegations, it should assume the facts alleged are true and determine whether they plausibly give rise to an entitlement of relief sought in the complaint. *Id.* If not, a grant of motion to dismiss by a court is proper.

### II. Motions for Summary Judgment

■ A court has discretion to accept and consider extrinsic materials offered in connection with a Rule 12(b)(6) motion and convert the motion to one of summary judgment pursuant to Fed.R.Civ.P. 56(c). *Hamilton Materials, Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1207 (9th Cir. 2007). Summary judgment is proper when the moving party can demonstrate that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of showing the absence of a genuine issue of material fact, and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Id.*

## DISCUSSION

### I. Injunctive and Declaratory Relief

#### A. Injunctive and Prospective Declaratory Relief

In their complaint, plaintiffs ask the Court to issue a preliminary and permanent injunction restraining defendants from enforcing any alleged discriminatory policies. Specifically, plaintiffs ask for an injunction prohibiting defendants from restricting plaintiffs' bins to the Memorial Union area of campus, where their bins were limited pursuant to the former bin location policy. Plaintiffs also request a declaration stating defendants' policies are unconstitutional.

Defendants move to dismiss, or in the alternative for summary judgment. Defendants argue that any claim for injunctive or prospective declaratory relief is moot because defendants have instituted a new newspaper bin location policy that does not distinguish between on and off-campus newspapers. Defendants offer exhibits and affidavits as evidence of their new bin location policy. *See* Declaration of Vincent Martorello, Affidavit of Katherine G. Georges. Taking into account this evidence outside the pleadings, and viewing the facts in a light most favorable to plain-

tiffs, summary judgment is proper because these claims are mooted by defendants' new newspaper bin location policy.

A claim is moot when issues presented are no longer live, the parties lack a legally cognizable interest in the outcome, or when there is no present controversy as to which effective relief can be granted. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A claim can be moot when a defendant voluntarily ceases alleged improper conduct, as long as the defendant is not free to return to the conduct at any time. *Id.*; *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 170, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ("A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur"). The party asserting mootness bears the burden of persuading the court the controversy no longer exists and will not exist in the future. *Laidlaw*, 528 U.S. at 170, 120 S.Ct. 693.

Ninth Circuit precedent establishes that a statutory or policy change by a defendant government entity is usually enough to render a claim moot, even if the new policy was enacted after a lawsuit was filed against the government on its previous policy. *Outdoor Media*, 506 F.3d at 900. As long as the new policy cures the "alleged constitutional deficiencies" of the former policy, and the defendant demonstrates no intent to reinstate it, a claim for relief from the former policy is moot. *Id.* at 901.

Here, defendants' new bin location policy cures the alleged constitutional problems of the former policy. In their complaint, plaintiffs allege that the old policy

discriminated against plaintiffs because it restricted the placement of plaintiffs' bins to certain areas on campus. The former policy allegedly did not place the same restrictions on the student newspaper, *The Daily Barometer.* The new policy increases the number of areas plaintiffs may place their bins and applies equally to all publications—both student and off-campus newspapers. Therefore, defendants have demonstrated that the new policy moots plaintiffs' claims for injunctive and prospective declaratory relief.

■ Plaintiffs argue that it is not "absolutely clear" that defendants will not return to their former policy because defendants continue to defend the constitutionality of the former policy in this lawsuit. Plaintiffs analogize this case to *DeJohn v. Temple University,* 537 F.3d 301, 309 (3d Cir.2008). There, the court held that plaintiffs' claims were not moot because the defendants defended not only the constitutionality, but *the need* for their former policy. *Id.* (emphasis added) The defendants here do not argue a "need" for their former policy, only for its constitutionality. Ninth Circuit precedent makes clear that a defendant's defense of the legality of a former policy does not imply the defendant will act in bad faith and return to that policy after it makes clear to the court it will not. *Smith v. University of Washington Law School,* 233 F.3d 1188, 1195 (9th Cir.2000). Defendants have met their burden of demonstrating to the court they intend to continue to follow their new newspaper bin policy.

In sum, this court does not have jurisdiction over plaintiffs' claims for injunctive and prospective declaratory relief because they are moot. Accordingly, summary judgement is granted on those claims.

**B. Retrospective Declaratory Relief**

■ Plaintiffs additionally request the court grant declaratory relief with respect to defendants' past conduct and former bin location policy. While plaintiffs are correct that such relief is not moot, *see Forest Guardians v. Johanns,* 450 F.3d 455, 462 (9th Cir.2006), retrospective declaratory relief here is barred by the Eleventh Amendment.

■ The U.S. Supreme Court held that the Eleventh Amendment bars declaratory judgment by federal courts against state officials when no continuing threat of harm or unlawfulness exits. *Green v. Mansour,* 474 U.S. 64, 73, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). Retrospective declaratory relief is akin to damages, and the Eleventh Amendment bars the federal government from seeking awards of damages against the state because the state holds sovereign immunity. *Id.* The only narrow exception to this rule is that a federal court can grant injunctive or declaratory relief against state officials for ongoing unconstitutional conduct or on-going harm. *Rounds v. Oregon State Board of Higher Education,* 166 F.3d 1032, 1036 (9th Cir. 1999); *Flint v. Dennison,* 488 F.3d 816, 825 (9th Cir.2007). Defendants ceased any conduct that plaintiffs allege as unconstitutional and there is no threat of ongoing harm. Therefore, the only remaining claim for declaratory relief is retrospective, which a federal court cannot grant against the defendants in this case. Defendants' motion to dismiss on retrospective declaratory relief is granted.

**II. Damages**

■ In addition to injunctive and declaratory relief, plaintiffs seek compensatory, nominal, and punitive damages from

individual defendants for economic injury and alleged violations of plaintiffs' First Amendment rights of freedom of speech and Fourteenth Amendment rights to due process and equal protection under the law. While defendants' new newspaper bin location policy moots plaintiffs previous claims, it does not moot a claim of damages against individual defendants. *Outdoor Media*, 506 F.3d at 902. However, plaintiffs fail to present sufficient facts to show that individual defendants' conduct caused plaintiffs economic damages or deprived plaintiffs of their constitutional rights. Since plaintiffs are barred by the Eleventh Amendment from seeking damages from defendants in their official capacities, *Rounds*, 166 F.3d at 1036, they must present factual statements that would lead the court to conclude that the acts of individual defendants plausibly caused the harm alleged by the plaintiffs. *Iqbal*, 129 S.Ct. at 1949. Plaintiffs have not met this plausibility standard with regard to their claims for damages.

### A. Compensatory and Nominal Damages

 Plaintiffs seek compensatory and nominal damages for alleged "economic injury" inflicted on them by individual defendants. The only economic injury alluded to in the complaint is the fact that 150 copies of *The Liberty* were ruined after the newspaper bins were removed to a storage yard Plaintiffs also complained that one newspaper bin had been damaged, but it has since been repaired by OSU Facilities Services. However, plaintiffs do not allege that individual defendants were directly involved in the removal of the newspaper bins or any careless handling of the bins that damaged the newspapers. Failure to identify specific acts committed by a defendant that caused alleged

harm to a plaintiff is grounds for dismissal of plaintiff's claim. *Kwai Fun Wong v. United States*, 373 F.3d 952, 966–67 (9th Cir.2004). Therefore, plaintiffs' claims for compensatory and nominal damages are dismissed.

### B. Punitive Damages

 Similarly, plaintiffs do not present factual statements that support a conclusion that individual defendants plausibly violated plaintiffs' constitutional rights and are therefore entitled to punitive damages.

 In their complaint, plaintiffs allege that defendants restricted plaintiffs' distribution of *The Liberty* due to its content and viewpoints. However, this conclusory statement is not supported by facts sufficient to support a viewpoint discrimination claim under the First Amendment. *See Moss v. Secret Service*, 572 F.3d 962, 970 (9th Cir.2009)("The bald allegation of impermissible motive on the [defendants'] part, standing alone, is conclusory and is therefore not entitled to an assumption of truth.") To state a sufficient claim of viewpoint discrimination, a plaintiff must present facts showing that the government suppressed a plaintiff's speech because of the plaintiff's ideology, opinion, or perspective. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). The facts presented by plaintiffs do not support the allegation that individual defendants were motivated in their actions or communications by a desire to suppress plaintiffs' viewpoint.

 In their response to defendants' motion to dismiss, plaintiffs argue that *The Liberty* was similarly situated to *The Daily Barometer* and was afforded disparate treatment by the individual de-

fendants. Plaintiffs, however, do not provide sufficient facts to support a conclusion that the two papers were similarly situated, and many facts, particularly that *The Liberty* was privately funded, negate that conclusion. A claim of viewpoint discrimination must be dismissed if the plaintiff is claiming disparate treatment as compared to a party that is not similarly situated. *Moss*, 572 F.3d at 971. Even if the court were to conclude that the two papers were in fact similarly situated, that fact alone is not enough to push plaintiffs' claim from one of possible to plausible viewpoint discrimination. *Id.*

Plaintiffs also argue that they found two other off-campus newspaper bins in locations that were not authorized by the former policy. This fact is similarly insufficient to state a claim that individual defendants engaged in viewpoint discrimination. As explained above, plaintiffs do not allege that any individual defendants were involved in the bin removal process. The fact that Facilities Services neglected to remove two improperly located off-campus bins does not indicate that individual defendants had any knowledge, or intention, that those bins received favorable treatment. Plaintiffs' claim for damages based on viewpoint discrimination is dismissed. For these same reasons, plaintiffs' claim for damages based on violations of their right to equal protection under the Fourteenth Amendment is also dismissed.

▮ Finally, plaintiffs argue that individual defendants deprived them of their rights to due process under the Fourteenth Amendment. Plaintiffs argue they did not receive notice prior to the removal of their newspaper bins. Again, the individual defendants were not involved in the bin removal process. There are no facts tying individual defendants to any alleged lack of notice. Any claim for damages holding the defendants liable for the actions of Facilities Services staff by virtue of their official positions would effectively be barred by the Eleventh Amendment and 42 U.S.C. § 1983. Plaintiffs' claim for damages based on violations of their rights to due process is dismissed.

### CONCLUSION

Defendants' motion for summary judgment (doc. 18) on plaintiffs' claims for injunctive and prospective declaratory relief is granted. Defendants' motion to dismiss (doc. 18) on all remaining claims for relief, including retrospective declaratory relief and damages, is also granted. Defendants' request for oral argument is denied as unnecessary. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.