**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA B. SHAPIRO, | No. 13-35965 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05237-RBL |
| v. | |
| AMERICA'S CREDIT UNION, a Federal Credit Union (JBLM), and REBECCA CADDIGAN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 4, 2016[**]
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable David C. Bury, Senior United States District Judge for the District of Arizona, sitting by designation.

Plaintiff Joshua Shapiro timely appeals the judgment in favor of Defendants America's Credit Union ("ACU") and Rebecca Caddigan. Reviewing for abuse of discretion the decision to convert a motion to dismiss to a motion for summary judgment, Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007), and de novo the summary judgment, Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011), we affirm.

1. Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. Here, the court relied on the Membership and Account Agreement, declarations of ACU employees, a letter that Shapiro sent, and Shapiro's own declaration. Shapiro had ample opportunity to present material relevant to the motion. The motion was filed a year and half after the commencement of the action. Shapiro submitted four separate declarations and his own motion for summary judgment. Accordingly, the district court did not

abuse its discretion when it considered ACU's motion as a motion for summary judgment.[1]

2. Shapiro has alleged several violations of the Electronic Fund Transfer Act ("EFTA"). The EFTA requires that financial institutions provide their customers an error resolution notice at least once year or within each periodic statement. 15 U.S.C. § 1693f; 12 C.F.R. § 205.8(b). Here, ACU provided this notice in its Membership and Account Agreement and in each account statement sent to Shapiro. The EFTA requires that ACU disclose its "funds available" policy. 12 C.F.R. § 229.15. The Membership and Account Agreement expressly describes this policy. Shapiro agreed to the terms of the Membership Agreement by signing a card and by electronically agreeing to the terms. The EFTA requires that, when a consumer communicates to a financial institution "reasons for the consumer's belief" that an error has occurred and the amount of the error, the financial institution must correct the identified error or explain why an error did not occur. 15 U.S.C. § 1693f. But, here, Shapiro never communicated to ACU the amount of the alleged error in his account or any reasons why he believed there was an error.

---

[1] By contrast, in resolving Defendant Caddigan's motion to dismiss, the district court did not rely on any matter outside the pleading. Dismissal under Rule 12(b)(6) was proper.

Accordingly, the district court correctly entered judgment for ACU on the EFTA claims.

3. The Federal Credit Union Act permits expulsion of credit union members in either of two ways: (1) by two-thirds vote of credit union members, after an opportunity to be heard; or (2) by a vote of the credit union's board of directors. 12 U.S.C. § 1764. Shapiro claims that ACU failed to follow these requirements. But there is <u>no</u> evidence that ACU terminated Shapiro's credit union <u>membership</u> even though it closed his <u>account</u>. Therefore, as a matter of law, Shapiro cannot make a claim under the Federal Credit Union Act.

4. Shapiro has alleged fraud, negligent misrepresentation, negligence, breach of contract, conversion, and unjust enrichment. But he has not pleaded any facts to support these allegations. Accordingly, we affirm the judgment for ACU on the common law claims.

**AFFIRMED.**