**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY A. DICKERSON,

        Plaintiff-Appellant,

  v.

WELLS FARGO BANK, N.A.; et al.,

        Defendants-Appellees.

No.   18-15261

D.C. No. 3:16-cv-00375-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Attorney Jeffrey A. Dickerson appeals pro se from the district court's summary judgment in his diversity action alleging state law claims related to his home mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA,* 832 F.3d 1154, 1157

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Summary judgment on Dickerson's breach of contract claim related to the foreclosure sale on the property was proper, because the foreclosure sale was rescinded and Dickerson failed to raise a genuine dispute of material fact as to whether he suffered damages. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (elements of a breach of contract claim under Nevada law).

The district court properly denied Dickerson's motion to remand because defendant McCarthy & Holthus, LLP was fraudulently joined to defeat diversity jurisdiction. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (exception to requirement for complete diversity exists where a non-diverse defendant is fraudulently joined); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (citation and internal quotation marks omitted)); *Dezzani v. Kern & Assocs., Ltd.*, 412 P.3d 56, 62 (Nev. 2018) (attorney cannot be liable under an agency theory if the attorney is providing legal services to a client).

The district court did not abuse its discretion in setting aside the entry of default against defendant Wilmington Trust Company because the factors weigh against entry of default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (setting forth standard of review, explaining the factors considered when determining whether to set aside a default, and noting that "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment" (citation and internal quotation marks omitted)).

The district court granted summary judgment on Dickerson's breach of contract claim related to defendant Wells Fargo Bank, NA's failure to review him for a loan modification on the basis that Dickerson failed to raise a genuine dispute of material fact as to whether his application was complete. However, in his opposition to the motion for summary judgment, Dickerson submitted a verified declaration attesting that "[e]very document required with the [loan modification] application was submitted by Dickerson." Because Wells Fargo has not provided any evidence to show how Dickerson's application was deficient, other than a letter indicating that the application was incomplete, there is a genuine dispute of material facts as to whether Dickerson submitted a complete application. We vacate the judgment in part, and remand for further proceedings on this claim only. On remand, the district court should consider in the first instance alternate bases for summary judgment on this claim, and can consider supplemental filings.

3

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**