**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD BARRY BARNES, | No. 20-17141 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00002-ACK-WRP |
| v. | |
| KRIS HENRY, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SEA HAWAII RAFTING, LLC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted February 16, 2022**
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chad Barnes was injured when the vessel he was working on exploded. Barnes has brought numerous actions in admiralty against his employer at the time of the injury, Sea Hawaii Rafting, LLC ("SHR"), and SHR's sole member and owner, Kris Henry. This case concerns allegations that SHR improperly transferred assets to avoid Barnes's collections efforts and names several new defendants that Barnes alleges colluded with Henry to hide profits. On motion of the newly named defendants, the district court dismissed part of Barnes's Third Amended Complaint for failure to state a claim. Barnes timely appealed. We have jurisdiction under 28 U.S.C. § 1292(a)(3) to consider arguments related to the district court's dismissal, *see Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 528 (9th Cir. 2018), and we affirm.

1.    *Conversion*. Barnes argues that the district court erred by failing to convert the motion to dismiss into a motion for summary judgment. We review this decision for an abuse of discretion. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A district court does not abuse its discretion under Rule 12(d) when it does not consider matters requiring conversion. *See Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018). Also, a district court may properly decline to convert a

2

motion where the proffered materials outside the pleadings are "superfluous" or unnecessary because a "non-moving party does not have to substantiate its allegations." *Shaver v. Operating Eng'rs Loc. 428 Pension Tr. Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003).

The district court expressly declined to consider evidence outside of the pleadings that the parties introduced. The district court also properly found that there was no need to consider this evidence because it was redundant of what was alleged in Barnes's Third Amended Complaint. Therefore, we conclude that the district court did not abuse its discretion in declining to convert the motion to dismiss.

2. ***Accounting Claim***. Barnes next argues that the district court erred in dismissing his accounting claim. We review "a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim de novo." *Bain v. Cal. Tchrs. Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004)). "A motion under Rule 12(b)(6) should be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' construing the complaint in the light most favorable to the plaintiff." *Edwards*, 356 F.3d at 1061 (citations omitted).

"The action of accounting is designed to provide a remedy to compel a person who, by virtue of some confidential or trust relationship, has received or been entrusted with money or property belonging to another or which is to be applied or

3

disposed of in a particular manner, to render an account thereof." *Block v. Lea*, 688 P.2d 724, 732–33 (Haw. Ct. App. 1984). A "necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies is . . . the absence of an adequate remedy at law." *Porter v. Hu*, 169 P.3d 994, 1007 (Haw. Ct. App. 2007) (citation omitted).

Barnes's arguments are unpersuasive for two reasons. First, the district court is correct that Barnes did not allege any confidential or trust relationship between himself and the newly named defendants. *See Block*, 688 P.2d at 732–33. Second, as the district court recognized, Barnes has an adequate remedy at law because "[t]he information sought in the accounting claim is accessible to [Barnes] through the normal discovery process." *See Gray v. OneWest Bank, Fed. Sav. Bank*, No. 13-00547 JMS–KSC, 2014 WL 3899548, at *14 (D. Haw. Aug. 11, 2014) (unpublished). The district court therefore did not err in dismissing Barnes's accounting claim.

**3.** *Unrelated Arguments*. Barnes also contends that the district court erred in threatening his attorney with sanctions and failing to address certain constitutional arguments or other pending issues. These arguments have no relation to the order that he appealed and are beyond the proper scope of this appeal. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50 (1995) (recognizing that the scope of

4

interlocutory jurisdiction is generally limited to the "precise decision independently subject to appeal"). We therefore lack jurisdiction to decide these issues.[1]

**AFFIRMED.**

---

[1] In his Opening Brief, Barnes asked "this Court to determine whether or not his appeal tolled the 30-day deadline the [district court] set to seek permission to amend his complaint." He concedes that this argument is moot in his reply because he sought and was granted leave to file his Fourth Amended Complaint. We therefore do not address this issue.