NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 4 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON THOMAS, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

COSTCO WHOLESALE CORPORATION,

Defendant-Appellee.

No.    21-55335

D.C. No.
3:20-cv-00718-LAB-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 16, 2022
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[**] District Judge.

Plaintiff-Appellant Jason Thomas appeals the district court's decision

granting summary judgment for Defendant Costco Wholesale Corporation

("Costco").  Because the parties are familiar with the facts of this case, we need not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

recount them here. We review for abuse of discretion the district court's conversion of Costco's motion to dismiss to a motion for summary judgment, and we review the grant of summary judgment de novo. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). We affirm.

1. Thomas alleges that the district court abused its discretion by converting Costco's motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). But the conversion was necessary for the court to consider the product reviews that Thomas submitted in his response to Costco's motion. Those reviews were not subject to judicial notice because there was a reasonable dispute about whether those consumers were misled by Costco's product listing or whether they were simply confused and unreasonably blamed Costco. *See* Fed. R. Evid. 201; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018). Nor could those reviews have been considered under the incorporation-by-reference doctrine because Thomas's complaint did not necessarily rely upon them or allege their contents. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Thomas also contends that the district court's briefing schedule—a little over one month—provided too little time for discovery. However, Thomas never opposed the court's Rule 12(d) conversion or requested additional time for discovery. And, as explained below, no amount of discovery would have justified

2

denying Costco's motion, given what the product listing itself states. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Accordingly, the district court did not abuse its discretion.

2. The district court properly granted summary judgment to Costco because, even viewing the evidence in the light most favorable to Thomas and drawing all justifiable inferences in his favor, there was no triable issue whether the challenged advertising would mislead a reasonable consumer into believing that the AirPods sold by Costco included a charging case capable of wireless charging.

Thomas argues that Costco's product listing was misleading "in both its graphics and the text it employed (especially regarding its repeated use of the word 'wireless'); as well as in its omission of information essential to clarify which AirPods model it offered." But "[i]n the absence of any statement or other depiction" that the AirPods Costco sold included a charging case capable of wireless charging, no reasonable consumer relying solely on Costco's advertising would be misled. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965–66 (9th Cir. 2016) (rejecting a plaintiff's claim that a lip product manufacturer misled reasonable consumers by failing to affirmatively disclose that some of the lip product could not be accessed using the container's screw mechanism because there was no deceptive act to be dispelled). As the district court correctly observed, "the possibility of confusion only arises" for the consumer who is already "aware that

Apple's AirPods are available with wireless charging."

And in any event, the fact that a small proportion of consumers were confused does not prove that such confusion was reasonable. *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229–31 (9th Cir. 2019). Thomas incorrectly believed that all Second Generation AirPods or later generations came with a case capable of wireless charging, and so did the authors of several of the customer reviews on Costco's website that Thomas submitted as evidence. But a reasonable consumer in the market for AirPods could not reasonably believe that Costco was selling AirPods with a wireless charging case—which retail for $199, representing a $40 premium over the $159 standard retail cost of AirPods with a wired charging case—for $139.99, let alone believe that Costco was offering this remarkable $59.01 discount without calling any attention to an obviously desirable product feature.

Thus, Thomas and any other consumers who believed Costco was selling the Second Generation AirPods with wireless charging were not deceived because of Costco's advertising, but rather were confused because of their own unreasonable assumptions. *See id.*; *Moore v. Trader Joe's Co.*, 4 F.4th 874, 883 (9th Cir. 2021). California's consumer protection laws do not require Costco to anticipate and affirmatively dispel these shoppers' idiosyncratic assumptions or wholly incorrect interpretations of its advertising. *See Lavie v. Procter & Gamble Co.*, 129 Cal.

4

Rptr. 2d 486, 495 (Cal. Ct. App. 2003); *Moore*, 4 F.4th at 882–84.

As there is no evidence that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" to believe that Costco promised AirPods with a charging case capable of wireless charging, *Lavie*, 129 Cal. Rptr. 2d at 495, the district court did not err in granting summary judgment in Costco's favor.

**AFFIRMED.**