**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY POUR,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>WELLS FARGO MERCHANT SERVICES,<br>LLC; E. BARAN,<br><br>       Defendants-Appellees. | No.   21-15528<br><br>D.C. No. 4:20-cv-02447-SBA<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted July 26, 2022**
San Francisco, California

Before:  M. MURPHY,*** GRABER, and McKEOWN, Circuit Judges.

Johnny Pour appeals the district court's order dismissing his Second

Amended Complaint ("SAC") with prejudice and denying him leave to file his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Proposed Third Amended Complaint. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We assume without deciding that Pour did not abandon his claims below and thus we consider them on the merits. We nonetheless agree with the district court's alternative holding that the SAC failed to state a claim upon which relief may be granted. As to Count 5, a two-year statute of limitations applies, Cal. Civ. Proc. Code § 339(1), and the initial complaint was untimely. We therefore affirm the dismissal of this claim. As to the remaining claims, we affirm for the reasons given by the district court.

The district court did not abuse its discretion in denying Pour leave to amend his complaint again. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [his] claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" (third alteration in original) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003)).

The district court did not abuse its discretion in failing to convert Wells Fargo's motion to dismiss *sua sponte* into a motion for summary judgment. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Even if Pour's proposed amendment contained "matters outside the

pleadings" within the meaning of Fed. R. Civ. P. 12(d), the district court did not rely on those allegations in deciding Wells Fargo's motion. *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 642 n.4 (9th Cir. 1989).

We do not consider Pour's argument, raised for the first time in his reply brief, that the district court violated his due process rights by dismissing his complaint without a hearing. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**