Filed 3/6/13  Jimena v. Wong CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CARL L. JIMENA, | B238763 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. MC022432) |
| SAI HO WONG, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Brian C. Yep, Judge.  Affirmed.

Carl L. Jimena, in pro. per., for Plaintiff and Appellant.

Early, Maslach & O'Shea, John A. Peterson; Law Office of Priscilla Slocum and Priscilla Slocum for Defendant and Respondent.

* * * * * *

In a second amended complaint, plaintiff and appellant Carl L. Jimena alleged a single cause of action for breach of contract against defendant and respondent Sai Ho Wong (Dr. Wong), seeking damages for injuries he allegedly suffered as a result of a glaucoma test Dr. Wong performed during an eye examination. The trial court sustained Dr. Wong's demurrer without leave to amend, reasoning that while appellant may have been able to state a cause of action for negligence, he twice refused to do so.

We affirm. The trial court properly ruled that appellant failed to state a cause of action for breach of contract and that his claim properly sounded in negligence. It also properly exercised its discretion in denying further leave to amend, given appellant's representations that he sought to allege breach of contract to avoid the reach of the Medical Injury Compensation Reform Act (MICRA) and related statutes. Applying MICRA to appellant's claims does not amount to an unconstitutional impairment of contract. Finally, the trial court properly exercised its discretion in making discovery rulings.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant entered into a service contract with Sears Optical, whereby he consented to an eye examination for the purpose of obtaining prescription glasses. Dr. Wong, an optometrist with Sears Optical, performed an examination on appellant, which included a glaucoma test. Appellant did not consent to the glaucoma test, nor was it included as part of the contract. The test caused appellant injury in the form of partial blindness and resulting mental anguish.

Appellant filed his original form complaint in March 2011, checking the boxes for causes of action for "general negligence," "intentional tort" and "other" which he defined as "breach of contract constituting tort." He sought general, special and punitive damages.

On April 28, 2011, Dr. Wong demurred on the grounds that appellant failed to state a cause of action and his claims were uncertain. Simultaneously, Dr. Wong moved to strike appellant's punitive damages claim on the ground he failed to comply with Code

2

of Civil Procedure section 425.13.[1]  The following day, appellant requested entry of default.  On May 3, 2011, appellant moved to deem admitted requests for admission served on Dr. Wong.  He also sought an extension of time to submit a statement of damages in connection with his request for entry of default.  By minute order also dated May 3, 2011, the trial court denied appellant's motions to deem admitted the requests for admission and for an extension of time, and specifically noted that Dr. Wong had filed a responsive pleading.

Appellant opposed the demurrer and motion to strike.  At a June 28, 2011 hearing, the trial court sustained the demurrer with leave to amend, explaining to appellant that his factual allegations gave rise to one cause of action for negligence or medical malpractice.  It ruled that the motion to strike was moot.

Appellant filed an amended complaint in July 2011, which alleged a cause of action for breach of contract by intentional tort and sought an award of punitive damages.  Dr. Wong again demurred and moved to strike the punitive damages claim.  Appellant filed opposition and renewed his request for an order that the requests for admission served on Dr. Wong be deemed admitted.  Dr. Wong opposed the request on the grounds that appellant had not attempted to meet and confer with him as required by Code of Civil Procedure section 2033.290, subdivision (b) and, alternatively, that the failure to timely respond was due to counsel's mistake, inadvertence or excusable neglect.  Dr. Wong submitted responses to the requests for admission in connection with his opposition.  The trial court denied appellant's motion, finding that Dr. Wong had provided responses without objection.

At a September 2011 hearing, the trial court again sustained Dr. Wong's demurrer with leave to amend and ruled the motion to strike was moot.  The trial court told

---

[1]     "Code of Civil Procedure section 425.13 requires that a plaintiff seeking punitive damages against a health care provider obtain court permission before pleading that allegation, and it conditions such leave to file on the demonstration of a 'substantial probability' that the plaintiff will prevail."  (*Hung v. Wang* (1992) 8 Cal.App.4th 908, 920.)

appellant that while his allegations might support a breach of contract claim and likely supported a medical malpractice claim, he had alleged neither. It explained that appellant's "allegations are confusing and uncertain. And I am unable to find a cause of action for intentional tort amounting to breach of contract." It advised appellant to use a Judicial Council form to make the appropriate allegations to support a viable claim and cautioned him that he was "running out of rope," as it would not continue to permit him leave to amend indefinitely.

In October 2011, appellant filed a second amended form complaint (erroneously captioned as a third amended complaint). He alleged a single cause of action for breach of contract and sought punitive damages. Dr. Wong demurred and moved to strike the complaint in its entirety. The trial court heard extensive argument from both parties at a December 2011 hearing. In response to the trial court's inquiries as to why appellant had not alleged a medical malpractice claim when it had previously indicated that he could have alleged that cause of action, appellant stated: "Well, plaintiff does not allege [a] medical malpractice claim, your Honor, because the basis of plaintiff's cause of action is breach of contract." Appellant added that he had chosen not to allege medical malpractice because it was irrelevant to his breach of contract cause of action. He further noted that it would be unconstitutional to apply MICRA to his claim.

After taking the matter under submission, the trial court issued a December 13, 2011 minute order sustaining the demurrer without leave to amend. It outlined the procedural history of the case, noting that it had specifically advised appellant to allege a cause of action for negligence or medical malpractice; appellant's second amended complaint did not allege negligence or medical malpractice, but again asserted only a single claim for breach of contract; and at the hearing on the demurrer appellant told the trial court he was aware of its advice but consciously chose to allege a cause of action for breach of contract. On the basis of the foregoing, the trial court concluded that the demurrer should be sustained without leave to amend. It again ruled the motion to strike was moot.

The trial court thereafter entered a judgment of dismissal and this appeal followed.

4

## DISCUSSION

Appellant contends the trial court erred in sustaining Dr. Wong's demurrer without leave to amend because he properly alleged a breach of contract cause of action. As a companion argument, appellant contends that applying MICRA to his allegations would result in an unconstitutional impairment of contract. Finally, appellant contends the trial court abused its discretion by denying his motion to deem admitted the requests for admission. We find no merit to appellant's contentions.

### I. Standards of Review.

We review de novo a trial court's sustaining a demurrer without leave to amend, exercising our independent judgment as to whether the complaint alleges sufficient facts to state a cause of action. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) We give the complaint a reasonable interpretation, treating the demurrer as admitting all material facts properly pleaded, but not assuming the truth of contentions, deductions or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) We review the trial court's denial of leave to amend for an abuse of discretion. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.) Appellant bears the burden of demonstrating the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

We likewise review de novo the construction of a statute, including the question of whether the statute results in an unconstitutional impairment of contract. (*Teachers' Retirement Bd. v. Genest* (2007) 154 Cal.App.4th 1012, 1028.)

Finally, we review the trial court's discovery orders for an abuse of discretion. (*People ex rel. Lockyer v. Superior Court* (2004) 122 Cal.App.4th 1060, 1071.)

### II. The Trial Court Properly Sustained the Demurrer Without Leave to Amend.

#### A. *Appellant Failed to State a Cause of Action for Breach of Contract.*

Notwithstanding the trial court's repeatedly advising appellant that his allegations could potentially support a cause of action for medical negligence, appellant elected to

5

allege only a cause of action for breach of contract in the operative second amended complaint. More specifically, appellant alleged that he entered into an agreement with Dr. Wong for an eye examination for the purpose of obtaining prescription lenses, but that the agreement did not include nor did he consent to a glaucoma examination. He alleged that express consent for a glaucoma examination was not included on the face of the service agreement, and that he "gave no consent to [a] glaucoma examination before, during, or after the eye examination for prescription of lenses . . . ." He further alleged that Dr. Wong breached the agreement by intentionally and wrongfully failing to perform it according to its terms "by blowing a strong puff of air against plaintiff's both eyes, a test for glaucoma examination, unauthorized, unconsented, unsolicited, unapplied, unoffered by plaintiff" in the agreement. Finally, he alleged that he suffered eye injuries, including a partial loss of vision, as a result of the glaucoma test.

Generally, the elements of a breach of contract cause of action are the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and resulting damages. (E.g., *First Commercial Mortgage Co. v. Reece* (2001) 89 Cal.App.4th 731, 745.) The scope of a patient's recovery for breach of contract against a doctor, however, is more limited. "[A] doctor may be held liable on a theory of breach of contract where he has clearly and unequivocally warranted that a course of treatment recommended by him will, inevitably, produce a certain result." (*Pulvers v. Kaiser Foundation Health Plan, Inc.* (1979) 99 Cal.App.3d 560, 564–565; accord, *McKinney v. Nash* (1981) 120 Cal.App.3d 428, 442 ["To recover for breach of warranty or contract in a medical malpractice case, there must be proof of an express contract by which the physician clearly promises a particular result and the patient consents to treatment in reliance on that promise"]; *Depenbrok v. Kaiser Foundation Health Plan, Inc.* (1978) 79 Cal.App.3d 167, 171 [where "a surgeon has clearly promised a particular result (as distinguished from a mere generalized statement that the result will be good), and . . . the patient consented to an operation or other procedure in reliance on that promise, there can be recovery on the theory of . . . breach of contract," fn. omitted].)

6

Here, appellant did not allege that Dr. Wong promised he would achieve any particular result; nor did he allege that he relied on any promise by Dr. Wong to that effect. Instead, he alleged that Dr. Wong promised to perform an eye examination so that appellant could obtain new prescription lenses, and as part of that examination Dr. Wong performed an unconsented-to glaucoma test. These allegations are insufficient to support a cause of action for breach of contract. (See *McKinney v. Nash, supra,* 120 Cal.App.3d at p. 442 ["Plaintiff cannot *imply* a contract from Dr. Moon's failure to explain anything at all about the spinal anesthetic since the law requires an *express* contract"].) At best, they show a failure to obtain appellant's informed consent to treatment—a claim which arises out of a "physician's duty to disclose to a patient information material to the decision whether to undergo treatment." (*Arato v. Avedon* (1993) 5 Cal.4th 1172, 1175.) Material information is "'information which the physician knows or should know would be regarded as significant by a reasonable person in the patient's position when deciding to accept or reject a recommended medical procedure.'" (*Id.* at p. 1186.) A claim based on lack of informed consent sounds in negligence—not breach of contract. (See, e.g., *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 324; *Mathis v. Morrissey* (1992) 11 Cal.App.4th 332, 339.)

Alternatively, even if the complaint could be construed to allege that appellant suffered injury as a result of the manner in which the glaucoma test was conducted, that claim, too, would sound in negligence and not breach of contract. Uniformly, courts have held that "an action against a doctor arising out of his negligent treatment of a patient is an action sounding in tort and not one based upon a contract. [Citations.]" (*Bellah v. Greenson* (1978) 81 Cal.App.3d 614, 625; accord, *Stafford v. Shultz* (1954) 42 Cal.2d 767, 775 ["an action by a patient against a physician for injuries sustained by the former, by reason of the negligent or unskilled treatment of the latter, is an action sounding in tort and not upon a contract"]; *Huysman v. Kirsch* (1936) 6 Cal.2d 302, 306 [same].)

For example, in *Bellah v. Greenson, supra,* 81 Cal.App.3d 614, the plaintiffs were parents of a girl who committed suicide while under a psychiatrist's care. They alleged two causes of action against the psychiatrist—one for negligence and one for the

7

negligent performance of his contract with them to provide care for their daughter. (*Id.* at p. 618.) The appellate court affirmed an order sustaining a demurrer without leave to amend, in part on the ground that it was barred by a one-year limitations period. (*Id.* at pp. 622–624.) The court expressly rejected the plaintiffs' argument that their cause of action for negligent breach of contract was subject to a two-year limitations period, explaining that their claim was one for negligence and did not sound in contract. (*Id.* at p. 625.) The court in *Christ v. Lipsitz* (1979) 99 Cal.App.3d 894 reached the same result. There, after a wife became pregnant following her husband's vasectomy, the couple alleged causes of action including breach of contract and breach of warranty against the doctors who had performed the procedure. Affirming an order sustaining a demurrer on statute of limitations grounds, the court expressly found the limitations period for breach of contract was inapplicable because the plaintiffs had not alleged the requisite element that the doctors had promised a particular result. (*Id.* at p. 899.) The court explained that "[t]he fourth count alleges only there was a contract to perform the vasectomy, which was breached. This action arises solely from the alleged negligent act and sounds in tort. It is barred by the statute of limitations." (*Ibid.*) It concluded that a plaintiff may not "circumvent the statute of limitations merely by pleading an action which is in substance a tort as a contract." (*Ibid.*)

This principle applies here. Appellant made it evident in his pleadings below and at the demurrer hearing that he was attempting to plead a cause of action for breach of contract to circumvent MICRA, comprehensive legislation which "includes statutes relating to arbitration agreements (Code Civ. Proc., § 1295), contingency fees (Bus. & Prof. Code, § 6146), notice before bringing suit (Code Civ. Proc., § 364), the statute of limitations (Code Civ. Proc., § 340.5), the collateral source rule (Civ. Code., § 3333.1), the recoverability of noneconomic damages (Civ. Code., § 3333.2), and periodic payment of any judgment (Code Civ. Proc., § 667.7)." (*Smith v. Ben Bennett, Inc.* (2005) 133 Cal.App.4th 1507, 1514.) "Each of these MICRA statutes states its applicability in terms of the 'professional negligence' of a 'health care provider.'" (*Ibid.*) In his opposition to

8

Dr. Wong's demurrer, appellant stated that MICRA "is not applicable here because plaintiff eliminated negligence as a cause of action."

In line with authority holding that a claim for medical malpractice may not be alleged as a claim for breach of contract in order to avoid a statute of limitations bar, multiple cases have held that a plaintiff may not plead around the provisions of MICRA. (See, e.g., *Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 192–193 [Code Civ. Proc., § 425.13, a provision related to MICRA, applied to allegations labeled fraud and intentional infliction of emotional distress because they involved conduct related to the performance of medical services]; *Cooper v. Superior Court* (1997) 56 Cal.App.4th 744, 748, 749 [Code Civ. Proc., § 425.13 applied to allegations that a doctor committed a sexual battery during the course of gynecological examination, as the allegations were "indisputably 'directly related' to the rendition of health care"]; *Bellamy v. Appellate Department* (1996) 50 Cal.App.4th 797, 808 [complaint stated cause of action for professional negligence subject to MICRA though it alleged as ordinary negligence an X-ray technician's failure to secure the brake on an X-ray table].)

The factual allegations of appellant's complaint show that he seeks damages for assertedly negligent conduct occurring during the course of an eye examination conducted by Dr. Wong. We conclude that appellant may not allege his medical malpractice claim as one for breach of contract in order to avoid MICRA. (See *Jibilian v. Franchise Tax Bd.* (2006) 136 Cal.App.4th 862, 866, fn. 3 ["in reviewing a ruling on a demurrer, we disregard any erroneous legal conclusions stated by the plaintiff"].)

### B.    *Denial of Leave to Amend Was a Proper Exercise of Discretion.*

The remaining question is whether appellant should have been given a further opportunity to amend to allege a claim for medical negligence. Appellant bears the burden of demonstrating how the complaint might be amended to eliminate defects in the pleading. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) To meet that burden, he must show the way in which the complaint can be amended and how that amendment will change the legal sufficiency of the complaint. (*Ibid.*; *Community Assisting Recovery, Inc.*

9

*v. Aegis Security Ins. Co.* (2001) 92 Cal.App.4th 886, 895.) "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend. [Citations.]" (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.)

Here, the trial court twice permitted appellant leave to amend, each time specifically instructing him how to state a viable claim. During the first hearing, the trial court told appellant that his factual allegations amounted to a negligence claim and advised him to bring a cause of action for negligence, or medical malpractice. It suggested he allege a separate cause of action for breach of contract, noting "I am not sure you are going to be able to properly allege that but you can certainly try." When appellant again alleged only breach of contract and not negligence in his first amended complaint, the trial court advised him to obtain counsel or, if he continued to represent himself, to use the Judicial Council forms to plead the appropriate causes of action. It explained that his allegations were uncertain, but that it still appeared he had a potential claim for medical malpractice.

When appellant's operative, second amended complaint still alleged only breach of contract, the trial court pointedly asked, "Why haven't you alleged a medical malpractice claim?" During a lengthy exchange, appellant responded "that this is not a malpractice [*sic*]. This is a breach of contract case." Confirming appellant's position, the trial court stated, "So you have chosen not to allege a medical malpractice claim, right?" Appellant responded that malpractice was "irrelevant" to his breach of contract cause of action and added "[a]nd that is the contract because of the Constitution, your Honor, as explained in plaintiff's opposition to the demurrer to the third amended complaint. There is a Constitution at least there, your Honor, which may overturn MICRA."

The trial court gave appellant every opportunity to allege a viable cause of action, and was particularly patient with him given that he was representing himself. (See *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 ["when an in propria persona litigant is involved, special care should be used to make sure that verbal instructions

10

given in court and written notices are clear and understandable by a layperson"].) But when it became apparent that the shortcomings in appellant's complaint were the result of his conscious decision to avoid alleging a negligence claim, the trial court acted well within its discretion in denying further leave to amend. (*Krawitz v. Rusch* (1989) 209 Cal.App.3d 957, 967 [proper exercise of discretion to deny leave to amend where the plaintiff "was granted numerous opportunities to amend her complaint and yet remained unable to successfully state a cause of action"]; *Banerian v. O'Malley* (1974) 42 Cal.App.3d 604, 616 [proper exercise of discretion to deny leave to amend where trial court "finally dismissed the action due to the repeated failure by plaintiffs to set forth facts giving rising to a cause of action"].) Moreover, because appellant has not suggested on appeal how he might amend his complaint to state a valid cause of action, he has failed to meet his burden to show the trial court abused its discretion in denying leave to amend. (E.g., *Rakestraw v. California Physicians' Service, supra,* 81 Cal.App.4th at p. 43.)

## III.   Applying MICRA to Appellant's Complaint Does Not Unconstitutionally Impair the Obligation on Contracts.

Appellant argues that he should be permitted to allege a breach of contract claim—as opposed to a medical malpractice claim subject to MICRA—because the application of MICRA to his allegations amounts to an unconstitutional impairment of his contractual obligations. We disagree.

Our federal and state Constitutions forbid enactment of state laws that impair contractual obligations. (U.S. Const., art. I, § 10, cl. 1 ["No state shall . . . pass any . . . Law impairing the Obligation of Contracts"]; Cal. Const., art. I, § 9 ["A . . . law impairing the obligation of contracts may not be passed"].) In *Barrett v. Dawson* (1998) 61 Cal.App.4th 1048, the court explained and applied the three-step analysis utilized in federal cases: "The first and threshold step is to ask whether there is any impairment at all, and, if there is, how substantial it is. [Citation.] If there is no 'substantial' impairment, that ends the inquiry. If there is substantial impairment, the court must next

11

ask whether there is a 'significant and legitimate public purpose' behind the state regulation at issue. [Citation.] If the state regulation passes that test, the final inquiry is whether means by which the regulation acts are of a 'character appropriate' to the public purpose identified in step two." (*Id*. at pp. 1054–1055, citing *Energy Reserves Group v. Kansas Power & Light* (1983) 459 U.S. 400, 412.)

Applying the first step, we conclude that there is no impairment, as MICRA and related statutes were necessarily incorporated into any agreement for an eye examination. As explained in *Edwards v. Arthur Anderson LLP* (2008) 44 Cal.4th 937, 954: "'"'[A]ll applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated.' [Citations.]"'"" The absence of impairment ends our inquiry.

But even if we were to proceed to the second and third steps, we recognize a significant and legitimate purpose for MICRA. As the Court in *American Bank & Trust Co. v. Community Hospital* (1984) 36 Cal.3d 359, 363–364, summarized: "In broad outline, [MICRA] (1) attempted to reduce the incidence and severity of medical malpractice injuries by strengthening governmental oversight of the education, licensing and discipline of physicians and health care providers, (2) sought to curtail unwarranted insurance premium increases by authorizing alternative insurance coverage programs and by establishing new procedures to review substantive rate increases, and (3) attempted to reduce the cost and increase the efficiency of medical malpractice litigation by revising a number of legal rules applicable to such litigation." In view of these purposes, we would likewise follow the uniform line of authority that has upheld MICRA against constitutional challenges and find that its damages and other limitations are character appropriate and rationally related to legitimate state interests. (See *Fein v. Permanente Medical Group* (1985) 38 Cal.3d 137, 161 [upholding MICRA's cap on noneconomic damages, stating "we know of no principle of California—or federal—constitutional law which prohibits the Legislature from limiting the recovery of damages in a particular setting in order to further a legitimate state interest"]; *Roa v. Lodi Medical Group, Inc.*

12

(1985) 37 Cal.3d 920, 923 [upholding MICRA's contingency fee limitations against constitutional due process, equal protection and separation of powers challenges]; *Barme v. Wood* (1984) 37 Cal.3d 174, 177 [upholding MICRA's barring a collateral source from obtaining reimbursement from a medical malpractice defendant against due process and equal protection challenges]; *American Bank & Trust Co. v. Community Hospital, supra,* at p. 364 [upholding MICRA's periodic payment requirement against challenges that the provision violated federal and state constitutional guarantees of due process, equal protection and the right to a jury trial].)

**IV.      The Trial Court Properly Exercised Its Discretion in Denying Appellant's Request to Deem Admitted the Requests for Admission.**

Shortly after filing his original complaint, appellant served discovery requests on Dr. Wong at his home address, including requests for admission. The requests were forwarded to counsel's office at some point, but counsel was unaware of the outstanding discovery until June 2011. Counsel prepared responses on Dr. Wong's behalf, and served responses on July 1, 2011 and supplemental responses on August 29, 2011. The trial court denied appellant's motion to deem admitted the requests for admission, finding that Dr. Wong had served responses without objection. Appellant contends that his motion should have been granted because Dr. Wong's responses were untimely.[2] We disagree.

Code of Civil Procedure section 2033.280, subdivision (c) supported the trial court's exercise of discretion. According to subdivision (b) of that statute, when a party fails to file timely responses to requests for admission, the requesting party may move for

---

[2]      In his reply brief, appellant also contends that the trial court abused its discretion in denying his motion for entry of default. "We need not consider an argument raised for the first time in a reply brief." (*ReadyLink Healthcare, Inc. v. Jones* (2012) 210 Cal.App.4th 1166, 1173.) In any event, we would find no merit to his contention, as the trial court acted within its discretion in considering as a responsive pleading Dr. Wong's demurrer, which was filed 37 days after the service of the complaint. (See *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 749–750 [trial court properly exercised its discretion to consider demurrer filed 38 days after service of complaint].)

13

an order deeming the truth of those matters admitted.  In turn, subdivision (c) provides in relevant part:  "The court shall make this order, unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220."  (Code Civ. Proc., § 2033.280, subd. (c).)  Here, Dr. Wong served verified responses and supplemental responses before the September 2011 hearing on appellant's motion.  The trial court properly exercised its discretion to find that the submission of responses prior to the hearing permitted it to deny appellant's motion.  (See *Tobin v. Oris* (1992) 3 Cal.App.4th 814, 827–828 [construing predecessor statute to Code Civ. Proc., § 2033.280, subd. (c) to conclude that actual receipt of responses prior to hearing, coupled with responses' substantial compliance with applicable statutes, was sufficient, as a matter of law, to defeat motion to deem admitted requests for admission], disapproved on other grounds by *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 983, fn. 12.)

**DISPOSITION**

The judgment is affirmed.  Dr. Wong is entitled to his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

CHAVEZ

We concur:


_____, P. J.

BOREN


_____, J. *

FERNS

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.